Linda Carolina BRIMER *v.* STATE of Arkansas

CR 88-9                                              746 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered March 14, 1988

*Donald R. Huffman*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This case was certified to us by the Court of Appeals pursuant to Ark. Sup. Ct. Rule 29(1)(c) because it involves the interpretation of Ark. Code Ann. §§ 5-4-303 and 16-90-303 (1987). On November 4, 1986, the appellant entered a guilty plea to class C felony theft of property as defined in Ark. Code Ann. § 5-36-103 (1987). The trial court held a "sentencing and restitution hearing" on January 12, 1987, at which time the prosecutor recommended restitution in the amount of $138,384.65. The court found that restitution in the amount of $135,000.00 was appropriate. The court then sentenced her to six (6) years in prison, with two (2) years suspended on condition that she pay the sum of $135,000 at the rate of $200.00 per month, beginning sixty (60) days after her release from prison, and continuing for twelve years, at which time a civil judgment would be entered for the outstanding balance. There were other conditions attached to the suspended sentence.

For reversal the appellant argues that the trial court erred in: (1) ordering her to make restitution payments for a period in excess of the maximum time authorized by law; and (2) precluding the appellant from offering testimony to prove the amount for which she should be required to make restitution. We find the trial court committed reversible error in both respects and remand the case to the trial court.

The appellant was employed as a bookkeeper by Mary Morgan and her husband, Doctor Benjamin Spock, from 1982 until 1984. While so employed she misappropriated large sums of money. The parties never agreed as to the exact amount of money which the appellant misappropriated. At the hearing the prosecuting attorney recommended restitution in the amount of

22

$138,384.65. This amount included about $98,000.00 which the victims were fairly certain had been misappropriated. It also included $13,458 for her former employers' accountant's fees, travel expenses and attorney's fees.

During the restitution hearing the trial court refused to allow appellant's attorney to question one of the victims concerning the possibility of her own responsibility for a portion of the unaccounted funds. The appellant attempted to explain that she was not responsible for all of the funds which were alleged to be missing. The trial court ruled that any attempt by the appellant to show any amount of missing funds was due to the fault of someone other than herself was an attempt to try the issue of guilt, which had already been determined. She had pled guilty to theft of funds in an amount between $200.00 and $2,500.00. The appellant attempted to convince the court that proving she was not responsible for any amount over $2,500.00 should not be construed as an attempt to prove her innocence. However, the court rejected this contention and offered to let her withdraw her plea. Eventually she was allowed to give her own testimony concerning most of the funds. However, she was not permitted to cross-examine the victim about the missing funds which appellant sought to establish were in fact taken by this victim.

There are several different statutes involved in deciding this case. The first pertinent sections are Ark. Code Ann. § 5-36-103(a) (1987), which defines theft of property, and § 5-36-103(b)(2)(A), which classifies theft of property as a class C felony if:

> The value of the property is less than two thousand five hundred dollars ($2,500.00) but more than two hundred dollars ($200.00) . . . .

Ark. Code Ann. § 5-4-401 (1987) classifies and governs the terms of sentences. Section 401(a)(4) states:

> For a Class C felony, the sentence shall not be less than three (3) years nor more than ten (10) years . . . .

Ark. Code Ann. § 5-4-104(a), (d), and (e) (1987) govern the disposition and conditions of sentences as follows:

> (a) No defendant convicted of an offense shall be sen-

tenced otherwise than in accordance with this chapter.

. . .

(d) A defendant convicted of an offense other than a class Y felony, capital murder, treason, or murder in the second degree may be sentenced to any one or more of the following, except as precluded by subsection (e) of this section:

(1) Imprisonment as authorized by §§ 5-4-401—5-4-404; or

(2) Probation as authorized by §§ 5-4-301—5-4-311; or

(3) Pay a fine as authorized by §§ 5-4-201—5-4-203; or

(4) Make restitution; or

(5) Imprisonment and to pay a fine.

(e)(1) If a defendant pleads or is found guilty of an offense other than capital murder, treason, a Class Y felony, or murder in the second degree, the court may suspend imposition of sentence or place the defendant on probation, in accordance with §§ 5-4-301—5-4-311.

(2) If the offense is punishable by fine and imprisonment, the court may sentence the defendant to pay a fine and suspend imposition of the sentence as to imprisonment or place him on probation.

(3) The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by § 5-4-304. [Arkansas Criminal Code of 1976, as amended in 1981 and 1983]

The exception under (e)(3) refers to Ark. Code Ann. § 5-4-304 (1987) which qualifies the type of confinement which can be given

as a condition of suspension or probation as follows:

> (a) If the court suspends the imposition of sentence on a defendant or places him on probation, it may require, as an additional condition of its order, that the defendant serve a period of confinement in the county jail, city jail, or other authorized local detention, correctional, or rehabilitating facility, at whatever time or consecutive or nonconsecutive intervals within the period of suspension or probation as the court shall direct.
>
> . . .
>
> (c) The period actually spent in confinement pursuant to this section shall not exceed ninety (90) days in case of a felony or thirty (30) days in the case of a misdemeanor. . . .

Ark. Code Ann. § 5-4-303 (1987) speaks to conditions of suspension or probation. In part this statute states:

> (a) If the court suspends imposition of sentence on a defendant or places him on probation, it shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life.
>
> . . .
>
> (c) If the court suspends imposition of sentence on a defendant or places him on probation, it may, as a condition of its order, require that the defendant:
>
> . . .
>
> (8) Make restitution or reparation to aggrieved parties, in an amount he can afford to pay, for the actual loss or damage caused by his offense . . . .
>
> . . .
>
> (f) If the court suspends the imposition of sentence on a defendant or places him on probation conditioned upon his making restitution or reparation under section (c)(8) of this section this court shall, by concurrence of the victim,

defendant, and the prosecuting authority, determine the amount to be paid as restitution. The court shall further, after considering the assets, financial condition, and occupation of defendant, determine whether restitution shall be total or partial, [and] the amounts to be paid if by periodic payments . . . . If the court has suspended the imposition of the sentence or placed the defendant on probation conditioned upon him making restitution or reparation and the defendant has not satisfactorily made all his payments when the probation period has ended the court shall have the authority to continue to assert jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence.

There is another law which addresses the limitations on suspension of imposition of sentence and probation. It is Ark. Code. Ann. § 5-4-306(a) (1987) which states:

If the court suspends the imposition of sentence on a defendant or places him on probation, the period of suspension or probation shall be for a definite period of time not to exceed the maximum jail or prison sentence allowable for the offense charged. The court may discharge the defendant at any time.

We cannot ascertain from the record which statutes or sections thereof the court was proceeding under in pronouncing this sentence and the amount of restitution. The court was more likely operating under Ark. Code Ann. § 16-90-303 (1987) (Act 704 of 1981) when the order was entered. This section of the code states:

(a) If a defendant pleads guilty or is found guilty of a criminal offense, the trial court of criminal jurisdiction shall, in addition to imposition of sentence, enter a monetary judgment or reparation from the offender to the victim that will totally or partially compensate the victim for his personal injury or loss of or damage to his property caused by the criminal act of the offender.

(b) The court shall specify the total amount to be compensated, the rate of compensation, if periodic payments are

26

provided, and to whom it is to be paid. . . . .

However, the court's authority to set restitution is somewhat restricted by Ark. Code Ann. § 16-90-305 (1987) where it provides:

> (a) To enable the court or jury, as the case may be, to properly fix the amount of restitution or reparation, the prosecuting attorney shall, after appropriate investigation, recommend an amount that would make the victim whole with respect to the financial injury suffered, including value of property, loss or injury, cost of medical care, burial expense, if applicable, and all other measurable monetary damages directly related to the offense.

> (b) If the defendant disagrees with the recommendation of the prosecuting attorney he shall be entitled to introduce evidence in mitigation of the amount recommended.

Act 704 goes on to provide that the judgment granted in such cases shall become a judgment against the offender and have the same force and effect as any other civil judgment. Civil judgments are good for ten years and are renewable for successive periods of ten years, indefinitely. Such judgments are subject to levy, execution and garnishment at all times. Once the civil judgment for restitution is validly entered the victim has it within his power to pursue the collection of the judgment.

Still another statute may be considered in resentencing the defendant. Ark. Code Ann. § 16-93-401 (1987) provides that when justice and the public interest will be served the circuit court "may suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." However, the same section provides:

> (d) The period of probation, together with any extension thereof, shall not exceed five (5) years.

Theft of property of a value between $200 and $2,500 is a class C felony and the range of punishment is three to ten years. There are several possible combinations of sentencing. These include suspension, probation, restitution, partial suspension, and partial probation, as well as the provisions of Act 378 of 1975 as amended (the Alternative Service Act). Ark. Code Ann.

§ 16-93-507 (1987). However, if the court suspends the imposition of sentence or places the person on probation, it must be for a specific period of time, not to exceed the maximum jail or prison time allowable for the offense charged. Ark. Code Ann. § 5-4-306(a) (1987). Clearly the sentence in this case extended beyond the ten year maximum sentence authorized as punishment for a class C felony. Therefore, the sentence was not one authorized by law and the case must be remanded to the trial court.

■ If the court suspends the imposition of sentence or places her on probation conditioned upon making restitution as provided by Ark. Code Ann. § 5-4-303, payment must be in an amount she can afford to pay and the victim, defendant and prosecuting attorney must agree on the amount. This section of the code appears to be aimed at allowing an accused to remain out of prison so long as satisfactory payments of restitution are being made. Immediate imprisonment would thwart such intent. Section 5-4-303 is available to the trial courts if deemed just and proper.

■ If the trial court sentences the defendant pursuant to Ark. Code Ann. § 16-90-303, the court shall, in addition to imposition of sentence, enter "a monetary judgment or reparation from the offender to the victim" that will totally or partially compensate the victim for his loss. In such case the prosecuting attorney, in order to enable the court or jury to fix the amount of restitution, "shall recommend an amount that would make the victim whole." Ark. Code Ann. § 16-90-305(a). However, if the defendant disagrees with this recommendation, she may "introduce evidence in mitigation of the amount recommended." Ark. Code Ann. § 16-90-305(b).

After release from prison an inmate is on probation under supervision of the Department of Correction. The distinction between suspension and probation is whether supervision is exercised. See commentary to § 5-4-303. That is the reason the statutes prohibit a court from sentencing a defendant to a term in prison and following it by a period of probation. Ark. Code Ann. § 5-4-104(e)(3) appears to allow a period of suspension following a term in prison.

Obviously the Arkansas criminal statutes relating to sentencing are complex, confusing and even contradictory. The

28

purpose of the 1976 Criminal Code was to eliminate archaic statutes, replace the profusion of overlapping statutes, and develop an evenhanded method of grading offenses. DiPippa, "Suspending Imposition and Execution of Criminal Sentences: A study of Judicial and Legislative Confusion," UALR Law Journal, Vol. 10, number 2, p. 367 (1987-88). One of the provisions of the 1976 Criminal Code (now codified as Ark. Code Ann. § 5-4-104) states: "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." It was a good start and easily understood. However, in due course, the General Assembly commenced patchwork modification of the code until it has reached the present state.

In his well reasoned article Professor DiPippa stated:

> The significant feature of the code's sentencing provisions is the effect of a judgment of conviction. Entry of a judgment of conviction forecloses some of the sentencing court's options. If a judgment of conviction is entered then the court may impose a fine or imprisonment or both. If a court does not enter a judgment of conviction then it may suspend imposition of a sentence or place the defendant on probation but not both. The rationale behind this scheme is to give the court a flexibility to deal with offenders in the most appropriate manner. An offender who can be fully rehabilitated by the threat of punishment may receive a suspended sentence and, upon successful completion of the period of suspension, not have a conviction on his record.

Confusion in sentencing has existed at least since our decision in *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980). Although the code did not contain a section which expressly repealed the superseded statutes, the code purported to repeal "all laws and parts of laws in conflict with this Code." Some trial courts added to the confusion by continuing to follow the provisions under prior law. Moreover, the legislature has attempted to amend the code several times and has added to it on other occasions. We tried to explain the law in *Culpepper* and in *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980). We did not clarify the law because it could not be done. However, many cases and statutes later, the sentencing provisions in Arkansas are even more complex and overlapping and are in great need of simplifica-

tion and clarification.

The judgment is reversed and remanded to the trial court with directions to resentence the defendant in accord with the various procedures available.

GLAZE, J., concurs.

HAYS, J., not participating.