The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District P.O. Box 1979 Little Rock, AR 72203
Dear Mr. Stodola:
This is in response to your request for an opinion concerning the operation of two restitution statutes: A.C.A. §§ 16-90-309, -310 and5-4-205. Your questions, somewhat restated, are as follows:
 1. Are the requirements concerning when restitution can be ordered in A.C.A. §§ 16-90-309 and -310 in conflict with those in § 5-4-205?
 2. When a defendant is sentenced to imprisonment for theft of public funds, must the defendant pay restitution even when a determination has been made that the defendant cannot pay restitution due to imprisonment?
 3. Do A.C.A. §§ 16-90-309 and -310 repeal the requirement of § 5-4-205(c) that restitution be a condition of suspension or probation when either is ordered under § 5-4-205(c)?
The answer to the first question is, in my opinion, "no." Section 5-4-205
provides that restitution may be ordered as provided by that section as part of the disposition of an offender for any criminal conviction. Sections 16-90-309 and -310, on the other hand, require that the court order restitution as part of the sentence of a defendant guilty ofparticular kinds of crimes, viz., "theft or any other offense affecting property held by or belonging to the state or any political subdivision thereof." Id. at § 16-90-309(a). Section 5-4-205 is part of the criminal code, while sections 16-90-309 and -310 are part of the judicial code. It is my opinion that the former is a general statute allowing restitution in criminal cases, while the latter is a specific statute requiring restitution in certain criminal cases, and that no conflict exists between them.
The answer to your second question is, in my opinion, "yes." A defendant must be ordered to pay restitution in such a case under A.C.A. §16-90-309, and the court must order a lien on the defendant's property under A.C.A. § 16-90-310. Any negotiation, agreement, or finding to the contrary that might be allowed under the permissible language of A.C.A. §§ 5-4-205(b), (c)(2) or 303(f) is not available for the specific restitution and lien orders required by the mandatory language of §§16-90-309 and -310.
The answer to your third question is, in my opinion, "no." When probation or conditional release is ordered and, pursuant to A.C.A. § 5-4-205, restitution also has been ordered, § 5-4-205(c) requires such restitution be made a condition of the probation or release. The specific restitution orders required by A.C.A. §§ 16-90-309 and -310 do not change the requirement that where probation or other release is ordered that restitution under § 5-4-205 be made a condition of the probation or release.
Further, in my opinion, if probation or other release is ordered as part of a sentence along with restitution under A.C.A. §§ 16-90-309 and -310, the condition requirement of A.C.A. § 5-4-205(c) need not be made part of the probation or release because the restitution under A.C.A. §§ 16-90-309
and -310 will not have been ordered under A.C.A. § 5-4-205 which speaks to "restitution ordered under this section." However, I find nothing in A.C.A. §§ 16-90-309 and -310 that would preclude making restitution under those provisions a condition of probation or other release.[1] And, in fact, the mandatory language of those provisions would counsel in favor of such conditioning where probation or conditional release is ordered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] A.C.A. § 5-4-303(c)(8) (Repl. 1993) makes restitution a permissible condition of probation generally. The Arkansas Supreme Court has said, however, that a sentence, including restitution, may not extend beyond the maximum sentence allowed by law. See Brimer v. State, 295 Ark. 20,746 S.W.2d 370 (1988).