IN THE MATTER OF: )
)
CHRISTOPHER STANFILL )
ANGEL REYNOLDS )
MICHAEL STANFILL ) Davidson Juvenile
SAMANTHA STANFILL ) No.    9519-21994
) 07-49-29
CHILDREN UNDER THE AGE OF ) 9519-21993
18 YEARS OF AGE ) 9519-21995
)
DEPARTMENT OF CHILDREN'S, )
SERVICES, )
) Appeal No.
Plaintiff/Appellee, ) 01A01-9710-JV-00616
)
VS. )
)
LORETTA STANFILL, )
)
Defendant/Appellant. )

**FILED**

**May 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE JUVENILE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE ANDREW SHOOKHOFF, JUDGE

John Knox Walkup
Attorney General and Reporter

Douglas Earl Dimond
General Civil Division
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, Tennessee 37243-0499
ATTORNEYS FOR PLAINTIFF/APPELLEE

Kathleen G. Morris, #16223
P.O. Box 128091
Nashville, Tennessee 37212
ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
WILLIAM C. KOCH, JR., JUDGE
WILLIAM B. CAIN, JUDGE

| IN THE MATTER OF: | ) | |
|---|---|---|
| | ) | |
| CHRISTOPHER STANFILL | ) | |
| ANGEL REYNOLDS | ) | |
| MICHAEL STANFILL | ) | Davidson Juvenile |
| SAMANTHA STANFILL | ) | No.    9519-21994 |
| | ) | 07-49-29 |
| CHILDREN UNDER THE AGE OF | ) | 9519-21993 |
| 18 YEARS OF AGE | ) | 9519-21995 |
| | ) | |
| DEPARTMENT OF CHILDREN'S, | ) | |
| SERVICES, | ) | |
| | ) | Appeal No. |
| Plaintiff/Appellee, | ) | 01A01-9710-JV-00616 |
| | ) | |
| VS. | ) | |
| | ) | |
| LORETTA STANFILL, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

# O P I N I O N

The captioned respondent, Loretta Stanfill, has appealed from the judgment of the Juvenile Court terminating her parental rights to her four children.  Appellant presents the following issues for review:

> I.      Whether the Trial Court erred in finding that the Department of Children's Services proved by clear and convincing evidence the persistence of conditions which led to removal of Loretta Stanfill's children or which would subject her children to further neglect with little likelihood of early remediation.

> II.     Whether the Trial Court erred in finding clear and convincing evidence that the mother willfully abandoned her children.

> III.    Assuming, arguendo, that the Trial Court properly found clear and convincing evidence of a violation of T.C.A. § 36-1-113(g)(3) or of a willful abandonment of her children, whether the Trial Court erred in finding clear and convincing evidence that it is in the children's best interest for Loretta Stanfill's parental rights to be terminated.

The appellee, Department of Children's Services, presents the issues in the following form:

I.      Whether clear and convincing evidence shows that conditions dangerous to the children persisted in Ms. Stanfill's life and were unlikely to be soon remedied.

II.      Whether clear and convincing evidence shows that Ms. Stanfill abandoned her children by willfully failing to pay child support.

III.      Whether termination of Ms. Stanfill's parental rights was in the children's best interest.

T.C.A. §§ 36-1-113 and 37-1-147 provide in pertinent part as follows:

**36-1-113. Termination of parental rights**. - (a) The chancery and circuit courts shall have concurrent jurisdiction with the juvenile court to terminate parental or guardianship rights to a child in a separate proceeding, or as a part of the adoption proceeding by utilizing any grounds for termination of parental or guardianship rights permitted in this part or in title 37, chapter 1, part 1 and title 37, chapter 2, part 4.

- - - -

(c)      Termination of parental or guardianship rights must be based upon:

(1)      A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and

(2)      That termination of the parent's or guardian's rights is in the best interests of the child.

**37-1-147.  Termination of parental rights**. - (a) The juvenile court shall be authorized to terminate the rights of a parent or guardian to a child upon the grounds and pursuant to the procedures set forth in title 36, chapter 1, part 1.

The Juvenile Court ordered:

That all of the Defendant's, Loretta Lynn Reynolds Stanfill, parental rights to the said children, Angel Lynn Reynolds, Christopher Lee Stanfill, Michael Allen Ray Stanfill, and Samantha Nichole Stanfill, be and the same are hereby forever terminated and the Defendant's, Tony Willis Stanfill, parental rights to the said child, Christopher Lee Stanfill, be and the same are hereby forever terminated, his rights to the remaining children having been previously terminated in Oklahoma, and the complete custody, control, and guardianship of the said children is hereby awarded to the State of Tennessee, Department of Children's Services, with the right to place the children for adoption and to consent to such adoption in loco parentis.

Pertinent findings of the Juvenile Court are:

> That the said children, Angel Lynn Reynolds, Christopher Lee Stanfill, Michael Allen Ray Stanfill and Samantha Nichole Stanfill were placed in the custody of the State of Tennessee, Department of Children's Services, Davidson County Office, by this Court, on November 28, 1995 as a result of said Department filing an Emergency Neglected and Dependent Abuse Petition. .... Further, that said children have been in foster care continuously since November 28, 1995. The children were previously in state custody in Oklahoma from November, 1991 to 1994. Mrs. Stanfill returned to Nashville in 1992 following her husband Tony Stanfill, leaving the children in Oklahoma. The children were extremely aggressive and disturbed. They attacked anyone that tried to get close to them. The mother had custody of the children from 1994 until they came into custody in Davidson County, Tennessee.
>
> - - - -
>
> That pursuant to T.C.A. 36-1-102(1)(A)(I) and (iv) the Defendants, Loretta Lynn Reynolds Stanfill and Tony Willis Stanfill have willfully abandoned the children for more than four consecutive months next preceding the filing of this petition in that the said Defendants have willfully failed to support or make reasonable payments toward the support of the children for four (4) consecutive months immediately preceding the filing of the petition to terminate, despite having been under a court order to pay fifty ($50.00) each month.
>
> That pursuant to T.C.A. Section 37-1-113(g)(4), the Department herein nonsuited the ground of severe child abuse as to the mother based on the finding on the appeal.
>
> That pursuant to T.C.A. 36-1-113(g)(3)(A), the said children have been removed from the defendant parents, for more than six (6) months and the conditions which led to removal or other conditions which in all reasonable probability would cause the children to be subjected to further abuse or neglect and which, therefore, prevent the children's return to the care of the Defendants still persist; that there is little likelihood that these conditions will be remedied at an early date so that the children can be returned to the Defendants in the near future; and the continuation of the legal parent and child relationship greatly diminishes the children's chances of early integration into a stable and permanent home. The conditions leading to removal included the injury to the minor child, the continued drug usage of the parents, and the findings of the Referee which brought the children into care. The Court finds that, based on the un-unrebutted testimony of Anita Bilbrew with the Department of Children's Services, approximately one (1) month after the filing of the Petition to Terminate, Mr. and Mrs. Stanfill were at the Department of Children's Services office, on their telephone, arranging for the purchase of drugs, which says something about the strength of addiction in this case. Based

on the unrebutted testimony of the therapist for Ms. Stanfill, the Court finds by clear and convincing evidence that based on Ms. Stanfill's own admission, she continued to use alcohol, cocaine and marijuana this summer and it is obvious that Ms. Stanfill failed to acknowledge or address her drug problems, refused inpatient treatment and stopped treatment at the end of August, 1997.

- - - -

The Defendant, Loretta Stanfill has complied with some of the tasks of the Plan of Care but her compliance has not resulted in changed circumstances and she has not addressed the problems that needed to be addressed, however, the Court does not specifically find substantial noncompliance with the Plan of Care as to Loretta Stanfill.

- - - -

That it is in the best interest of the said children and the public that all of the parental rights of the Defendant, Loretta Lynn Reynolds Stanfill to the said children, Angel Lynn Reynolds, Christopher Lee Stanfill, Michael Allen Ray Stanfill, and Samantha Nichole Stanfill and the Defendant, Tony Willis Stanfill, parental rights to the minor child, Christopher Lee Stanfill, be forever terminated and that the complete custody, control, and guardianship of the said children be awarded to the State of Tennessee, Department of Children's Services, with the right to place the said children for adoption and to consent to such adoption in loco parentis.

An order was entered in conformity with the foregoing findings.

In response to the appellant's three issues, this Court has reviewed the record which contains clear and convincing evidence that the conditions which caused the subject children to be removed from the custody of appellant in November, 1995, have persisted to the date of the order of the Juvenile Court; that said conditions would subject said children to continued neglect; that there is little likelihood of early remediation of such conditions; that the appellant willingly abandoned said children; and that the termination of appellant's parental rights in respect to said children is in the best interest of said children.

The judgment of the Juvenile Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Juvenile Court for necessary proceedings.

-6-

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE