John Albert HENAGAN *v.* STATE of Arkansas

CR 90-112                                    791 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered July 2, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Jerry J. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. John Henagan pleaded guilty to delivery of a controlled substance and was sentenced to 10 years imprisonment after asking for a sentence to probation. He contends the court erred in concluding that probation was not a possibility in his case. We dismiss the appeal because there is no authority for appeals from guilty plea proceedings.

Henagan filed a brief with the circuit court in support of his eligibility for probation. At the sentencing hearing, the state noted that the minimum sentence in the case was 10 years imprisonment and asked that at least that sentence be imposed. Counsel for Henagan argued that Henagan was a first time felony offender, held a regular job, and was supporting a family. He sought to have Henagan placed on probation and in a "home detention" program. The court responded that he had no authority to give such a sentence and then imposed the 10 year sentence.

The right of appeal is conferred upon a person convicted of a crime by Ark. Code Ann. § 16-91-101(a) (1987). Subsection (c) of that statute provides: "There shall be no appeal from a plea of guilty or nolo contendere." *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). An exception to the rule appears in Ark. R. Crim. P. 24.3(b) which authorizes an appeal with the approval of the court and consent of the prosecuting attorney after a conditional plea of guilty. The exception does not apply in this case.

We recently decided in *Jones* v. *State*, 301 Ark. 510, 785 S.W.2d 217 (1990), supplemental opinion on denial of reh'g, 301 Ark. 512-A (1990), that we could hear an appeal from a decision made pursuant to Ark. Code Ann. § 16-90-111(b)(1) (Supp.

1989) denying jail time credit against a sentence imposed pursuant to a guilty plea. That case is not cited in this appeal, but to avoid confusion we point out that it too is distinguishable. Here we are not dealing with an appeal from the decision of a post trial motion but with an appeal from the sentencing procedure which was an integral part of the acceptance of Henagan's plea of guilty. The record contains a document signed by Henagan in which he acknowledged the punishment range for the class "Y" felony with which he was charged to be "10-40 years, life."

Appeal dismissed.