STATE of Arkansas *v.* Garland Charles SHERMAN

CR 90-84                                    796 S.W.2d 339

Supreme Court of Arkansas
Opinion delivered October 1, 1990

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for petitioner.

*Stripling & Morgan*, by: *M. Edward Morgan*, for respondent.

DALE PRICE, Justice. We are asked to review the decision of the court of appeals in *Sherman v. State*, 30 Ark. App. 217, 785 S.W.2d 49 (1990). The question presented is whether the appellant may appeal from his plea of guilty. The court of appeals answered this question in the affirmative and gave the appellant the relief he requested. We reverse that decision and dismiss the appeal.

The facts are that the appellant was charged with theft by receiving, a Class C felony. He decided to plead guilty and a plea hearing was held. At the hearing, he was informed that the offense carried a penalty of three to ten years in prison. He acknowledged that he understood that fact and entered his plea, which was accepted by the trial judge. The judge delayed imposition of sentence pending a presentence investigation.

Two weeks later, the judge received the results of the presentence investigation. The results showed that the appellant

had four prior felony convictions. The appellant was not charged as a habitual offender, nor was he informed at the plea hearing that any prior convictions would be used to enhance his punishment. Nevertheless, the judge decided *sua sponte* to sentence the appellant to thirty years in prison as a habitual offender. The appellant objected immediately, but the judge let the sentence stand. An appeal was taken to the court of appeals. That court reduced the appellant's sentence to ten years, the maximum allowable for a Class C felony. The state then asked us to review that decision, contending that Arkansas law does not permit appeals from guilty pleas except in very limited circumstances.

We have recognized many times that there is no right to appeal from a guilty plea. *See Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1990); *Redding* v. *State*, 293 Ark. 411, 783 S.W.2d 410 (1987). *See also* Ark. Code Ann. § 16-91-101(c) (1987); A.R.Cr.P. Rule 36.1. The exception to this rule, not applicable here, is contained in A.R.Cr.P. Rule 24.3(b). Nevertheless, the court of appeals, relying on the case of *Brimer* v. *State*, 295 Ark. 20, 746 S.W.2d 370 (1988), allowed this appellant to pursue relief on appeal. The reliance on *Brimer* was misplaced. There, the appellant claimed that the sentence imposed on her as a result of her guilty plea was in excess of that allowed by law. We heard her appeal and remanded the case for resentencing. Reading *Brimer*, it appears that, in all important respects, it is indistinguishable from the case at bar. In truth, the case can be distinguished. Brimer did not appeal solely from her plea of guilty; she also appealed from the trial court's denial of her *post trial* motion to correct an illegal sentence. In retrospect, we should have made this clear for the benefit of future readers of the opinion. We take this opportunity to clarify *Brimer*. That case does not stand for the proposition that an appeal can be taken from a guilty plea.

We now discuss the decisions which are applicable to this case. Two recent opinions, *Henagan* v. *State*, 302 Ark. 599, 791 S.W.2d 371 (1990) and *Jones* v. *State*, 301 Ark. 510, 785 S.W.2d 217 (1990) (supplemental opinion on denial of rehearing decided May 21, 1990), are helpful in deciding the issue presented. In *Jones*, the appellant pled guilty to several offenses. After pleading, he asked for jail time credit, which was denied. He appealed from that denial. Despite the state's argument that we had no

jurisdiction of the appeal because it was taken from a guilty plea, we addressed the merits of the case. We characterized the appeal not as one from a guilty plea, but from a post trial motion to correct a sentence, thereby giving us jurisdiction.

In *Henagan, supra*, the distinction between an appeal from a guilty plea and an appeal from the denial of a post trial motion was addressed again. There, Henagan pled guilty and asked for probation, which the trial court declined to impose. He appealed from that decision. We dismissed his appeal on the ground we had no jurisdiction to hear it. We distinguished the *Jones* case as follows:

> We recently decided in *Jones* v. *State*. . .that we could hear an appeal from a decision made pursuant to Ark. Code Ann. § 16-90-111(b)(1) (Supp. 1989) [correction or reduction of sentence] denying jail time credit against a sentence imposed pursuant to a guilty plea. . . .Here we are not dealing with an appeal from the decision on a post trial motion but with an appeal from the sentencing procedure which was an integral part of the acceptance of Henagan's plea of guilty.

The distinction between *Jones* and *Henagan* is a fine one, but it is significant. Jones appealed from the trial court's failure to *modify* his sentence by applying jail time credit. The validity of the sentence imposed as a direct result of his guilty plea was not questioned. In *Henagan*, the appellant simply challenged the sentence he received upon his plea of guilty. The key in each case was whether the appeal was from "the sentencing procedure which was an integral part of the acceptance of [the] plea of guilty." Failure to credit jail time in *Jones* was not an integral part of the acceptance of the guilty plea. Failure to impose probation instead of a term of years in *Henagan was* an integral part of the acceptance of the guilty plea.

The case at bar is controlled by *Henagan*. The appellant challenges the validity of the sentence he received as a direct result of his guilty plea. Therefore, the appeal is from a sentencing procedure which was an integral part of the acceptance of the appellant's guilty plea. The appeal must be dismissed.

The appellant is not left without a remedy. A motion to

correct an illegal sentence may be filed subsequent to the dismissal of this appeal. Ark. Code Ann. § 16-90-111(b) (Supp. 1989). In the alternative, the appellant may seek relief under A.R.Cr.P. Rule 37. *See Brown* v. *State*, 290 Ark. 289, 718 S.W.2d 937 (1986) (motion to withdraw guilty plea filed after sentencing may be treated as a Rule 37 petition). Even though Rule 37 was abolished in *Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989), the appellant was sentenced while the rule was still in effect.

Appeal dismissed.