Odes Lee HAMPTON v. STATE of Arkansas

CA CR 94-233                                        890 S.W.2d 279

Court of Appeals of Arkansas
Division I
Opinion delivered January 18, 1995

*William R. Simpson, Jr.*, Public Defender, *C. Joseph Cordi, Jr.*, Deputy Public Defender, by: *Latrece E. Gray*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Odes Lee Hampton was charged with three counts of delivery of a controlled substance, cocaine, in Pulaski County Circuit Court. He pled guilty and was sentenced to a term of ten years in the department of correction. On appeal, Hampton contends that the court erred in declining to sentence him under Act 378 of 1975, which Act was in effect on the date that he was sentenced but was repealed effective January 1, 1994. The State contends that the appeal must be dismissed and we agree.

■ The general rule is that there is no right to appeal from a guilty plea. Ark. Code Ann. § 16-91-101(c) (1987); *Henagan* v. *State*, 302 Ark. 599, 791 S.W.2d 371 (1990); *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1990); *Redding* v. *State*, 293 Ark. 411, 783 S.W.2d 410 (1987). There are exceptions to the rule. Arkansas Rules of Criminal Procedure 24.3(b) permits an appeal from a conditional plea of guilty following the denial of a motion to suppress. An appeal on the issue of the application of jail time credit appears to be permissible. *See Jones* v. *State*, 301 Ark. 510, 785 S.W.2d 217 (1990); *Cox* v. *State*, 288 Ark. 300, 705 S.W.2d 1 (1986). The denial of a post-judgment motion, filed after a guilty plea to correct an illegal sentence, is appealable. *See State* v. *Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990); *Brimer* v. *State*, 295 Ark. 20, 746 S.W.2d 370 (1988). A defendant may also appeal after a guilty plea when a jury sets punishment under the bifurcated procedure established by Ark. Code Ann. § 16-97-101(6). *Hill* v. *State*, 318 Ark. 408, 887 S.W.2d 275 (1994).

*Henagan* v. *State*, 302 Ark. 599, 791 S.W.2d 371 (1990), seems directly in point. There the defendant pled guilty and was sentenced to a term of ten years imprisonment. On appeal he contended that the circuit judge erred in concluding that he was not eligible for probation. The court dismissed the appeal under the general rule that one may not appeal from a guilty plea.

■ In *State* v. *Sherman, supra*, the court distinguished

*Henagan* from *Jones* v. *State* involving credit for jail time. The court said that the key was whether the appeal was from "the sentencing procedure which was an integral part of the acceptance of the plea of guilty." In the case at bar, the circuit court's consideration of Act 378 was an integral part of the acceptance of the guilty plea.

For the reasons stated the appeal must be dismissed.

Dismissed.

ROBBINS and ROGERS, JJ., agree.