Ricky Joe HODGE *v.* STATE of Arkansas

CR 94-820                                             894 S.W.2d 927

Supreme Court of Arkansas
Opinion delivered March 20, 1995

*Clarence Walden Cash*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Ricky Joe Hodge was given con-

current sentences amounting to 40 years after pleading guilty to rape, kidnapping, aggravated robbery, robbery, and theft, all arising from the same incident. The judgment and commitment order was entered, and execution of it commenced March 16, 1994. The prosecution then discovered Mr. Hodge had previously been convicted of two counts of rape, so the sentence should have been to life imprisonment according to Ark. Code Ann. § 16-90-202 (1987). The Trial Court entertained a motion to resentence Mr. Hodge and, on April 12, 1994, entered a sentence of life imprisonment on each count of rape, aggravated robbery, and kidnapping, to run concurrently with 10-year sentences for theft and robbery.

Mr. Hodge contends the second sentencing violated his right not to be placed twice in jeopardy. We do not address his constitutional argument because it was not raised before the Trial Court. *Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994). We will address his contention that his plea was not voluntarily made, but only to the extent of pointing out that it raises an issue that is not appealable. We must, however, modify the judgment to reinstate the original sentence because the Trial Court lacked authority to increase Mr. Hodge's sentence after execution of it had begun.

The charges arose from an incident in which a convenience store clerk was brutally robbed, kidnapped, raped at knife point, and left without her pants and shoes in a remote area south of Alexander Mountain in Pulaski County.

The plea statement, signed by Mr. Hodge, which was before the Trial Court when the guilty plea was accepted in February 1994 contained the following: "You are charged with Rape, Kidnapping, Aggravated Robbery, Robbery and Theft of Property in the Pulaski County Circuit Court. It is necessary that you fully understand the contents of this document. You are charged with a felony\misdemeanor and with 1 prior conviction."

Despite the State having informed Mr. Hodge in the plea statement that he was charged with one prior conviction, Wanda Wyeth, the deputy prosecutor handling the case, was unable to present evidence of any prior conviction at the hearing. The victim and her husband gave statements about the impact of the crime upon their lives and asked that Mr. Hodge be sentenced to

life imprisonment. Ms. Wyeth concurred in the request for a life sentence. The Trial Court then asked, "What's his prior record?" Ms. Wyeth responded, "Your Honor, he doesn't have any priors that we could find proof on. We had some information of a prior in another state but we were not able to get any proof on that. It was for a burglary, I believe it was. We don't have any in Arkansas or in the ACIC or anything." She then stated that if Mr. Hodge were sentenced to only 40 years he could "conceivably be out in ten years."

At that point, the husband of the victim said, "He raped another girl here, two of them." The Trial Court inquired whether the prosecution had "checked into that," and Ms. Wyeth replied, "We've checked all his history that we could find, your Honor. Unless there may be a pending charge out there somewhere that we don't have yet. But I have no proof of that." The Trial Court then pronounced the 40-year sentence.

At the April 12, 1994 hearing on the motion to vacate and resentence, the sentence was changed to the concurrent life and 10-year sentences.

### 1. Appealability

The State first argues we should not entertain an appeal from a guilty plea. We indeed do not allow appeals from guilty pleas when the appeal alleges an error having to do with an integral part of the plea and its acceptance by a trial court, Ark. Code Ann. § 16-91-101(c) (1987); *Henagan* v. *State*, 302 Ark. 599, 791 S.W.2d 371 (1990). That completely answers Mr. Hodge's argument for reversal on the ground that his plea was not voluntary. When, however, the appeal is from a decision which was neither a part of the guilty plea acceptance nor the sentencing procedure which was an integral part of the guilty plea acceptance, the appeal is allowed. *Jones* v. *State*, 301 Ark. 510, 785 S.W.2d 217 (1990)(supp. opn. on denial of reh. 301 Ark. 512-A, 789 S.W.2d 730 (1990)) (appeal from denial of post trial motion to correct illegal sentence); *Brimer* v. *State*, 295 Ark. 20, 746 S.W.2d 370 (1988)(appeal from denial of post trial motion to modify sentence to give credit for jail time). *See also State* v. *Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990).

The appeal in this case is from a post trial motion of

the sort allowed in the *Jones* and *Brimer* cases, and it is thus not barred by the rule prohibiting appeals of guilty plea convictions.

## 2. Resentencing

As a general rule, a trial court may not revise a valid sentence after execution of the sentence has begun. *DeHart* v. *State*, 312 Ark. 323, 849 S.W.2d 497 (1993). It may, however, correct an illegal sentence even after execution of the sentence has begun. *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). The issue to be addressed here is whether the sentence initially meted out to Mr. Hodge, and which he had begun to serve, was an illegal sentence and thus one the Trial Court had the authority to change.

At the April 12, 1994 hearing on the State's motion to vacate the sentence and resentence Mr. Hodge, Ms. Wyeth reported having learned, subsequent to the earlier sentencing hearing, that Mr. Hodge had been convicted of two counts of rape in Saline County in 1980. Citing § 16-90-202, she asked that Mr. Hodge be sentenced to life imprisonment. Subsection (a) of the statute provides, in part:

> When any person shall be convicted of . . . rape . . . and it shall be shown that the person has been twice previously convicted of . . . [rape] in this state or any other state, upon the third conviction the person shall be deemed an habitual criminal and shall be sentenced to life imprisonment in the state penitentiary.

Also cited was Ark. Code Ann. § 16-65-119 (1987), subsection (a) of which states that a judgment of a circuit court may be modified by the Supreme Court or the court in which the judgment was rendered.

The Trial Court expressed reservations about changing the sentence, referring to the *DeHart* case in which we stated, "It is clear that a trial court cannot modify or amend the original sentence once a valid sentence is put into execution," and noted that the issue is "jurisdictional."

The general rule prohibiting a trial court from revising a sentence that is not illegal, once execution of it has commenced, entered Arkansas jurisprudence in *Emerson* v. *Boyles*, 170 Ark.

621, 280 S.W. 1005 (1926). Mr. Boyles was convicted of manufacturing "mash" in Perry County and sentenced to one year in the penitentiary. The Perry Circuit Court later ordered his release, but the Board of Charities and Corrections refused to obey the order. Members of the Board sought *certiorari* to quash the release order, and they prevailed.

Citing cases from many jurisdictions, we recognized a conflict of authorities but held, over a strongly worded dissent by Justice Frank Smith, that once a sentence had been pronounced and execution of it had begun a trial court could not revisit it. The reason given, without constitutional citation, was that a person accused of a crime should not be subjected to trial more than once even though, as the dissenting opinion pointed out, Mr. Boyles desperately wanted the release order upheld. The rule has been solidly applied ever since. *See, e.g., Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Williams* v. *State*, 229 Ark. 42, 313 S.W.2d 242 (1968).

In addition to allowing a trial court to correct an illegal sentence, as mentioned above, we have given trial courts authority over imposed and executed sentences which are not illegal in certain instances by institution of Ark. R. Crim. P. 37. *See Rogers* v. *State*, 265 Ark. 945, 582 S.W.2d 7 (1979).

In response to the Trial Court's reference to the rule, and to the *DeHart* case particularly, Ms. Wyeth cited the *Lambert* case in which we allowed correction of a sentence which was "illegal." She argued that the initial 40-year sentence was illegal because of § 16-90-202, and that is the State's argument on appeal.

In the *Lambert* case Thomas Lambert and Elmer Smith were charged with escaping from the Wrightsville Unit of the Department of Correction. They were given suspended sentences. The prosecutor subsequently realized there was a statutory prohibition against suspending the sentence of a person previously convicted of two or more felonies. The Trial Court granted a motion to correct the sentences, and we affirmed on the ground that the sentencing court may correct an original sentence, even though partially executed, if it was an illegal sentence.

The *Lambert* case differs from the one now before us. Mr.

Lambert was charged with having more than one prior felony and Mr. Smith with having four or more. The facts making suspended sentences illegal were before the Court. The prosecutor and the Trial Court were, however, apparently unaware of the law disallowing suspension of sentence for those who had been previously convicted of two felonies. In Mr. Hodge's case, there was nothing illegal about the initial sentence, given the facts which were before the Trial Court. This case, therefore, does not fall within the illegal sentence exception to the general rule that a sentence may not be changed after the execution of it has begun.

In conclusion, we note our appreciation of the State calling our attention to the possibility that § 16-90-202, which formed the basis of its challenge to the legality of the initial sentence, may have been repealed by later legislation. See Ark. Code Ann. § 5-4-104(a) (Repl. 1993) which provides, "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." We have not addressed that issue as Mr. Hodge did not raise it either in the Trial Court or in his brief before us.

Affirmed as modified.