Joel Keith TABOR *v.* STATE of Arkansas

CA CR 95-1017                                918 S.W.2d 189

Court of Appeals of Arkansas
En Banc
Opinion delivered March 13, 1996

*Donald J. Adams,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Appellant has moved that his appeal be reinstated. We dismissed the appeal in an order dated January 17, 1996, pursuant to the motion of appellee contending that jurisdiction is lacking because the record does not show that the requirements were met for reserving the right to appeal an adverse determination of a pretrial motion to suppress evidence under Rule 24.3(b) of the Arkansas Rules of Criminal Procedure.

In its response to appellant's petition to reinstate the appeal, appellee asserts that the parties have entered into a stipulation for supplementation of the record concerning appellant's intention to conditionally plead guilty and reserve his right to appeal the adverse determination of the pretrial motion to sup-

press evidence. However, the joint stipulation before us was filed on January 29, 1996. Neither party has tendered anything from the trial court that shows that it approved appellant's conditional plea of guilty pursuant to Rule 24.3(b).

█ In order that the complete record on this issue can be presented to us, we hereby remand this matter to the trial court and direct that the record be settled regarding appellant's purported conditional plea of guilty. The trial court and parties are further directed to ensure that all material portions of the record that pertain to the purported conditional plea of guilty be included in the record, including all orders by the trial court pertaining to appellant's claim that he entered a conditional plea of guilty. Upon compliance with these directives, the motion for reinstatement of the appeal may be renewed.

Remanded.

STROUD and NEAL, JJ., agree.

MAYFIELD and COOPER, JJ., concur.

ROGERS, PITTMAN, ROBBINS, JJ., and JENNINGS, C.J., dissent.

MELVIN MAYFIELD, Judge, concurring. I concur in remanding this case to the trial court; however, I would rather simply reinstate the appeal. We dismissed it without knowing that appellant's counsel and the prosecuting attorney had entered into an agreement, which was reduced to writing in the trial court, that in the event the trial court did not grant the defendant's motion to suppress evidence the defendant would enter a plea of guilty with the reservation that he would have the right to appeal the adverse ruling on his motion to dismiss.

I really do not see any reason to remand for the record to be settled. The defendant's counsel and the Arkansas Attorney General have stipulated to the above agreement and Ark. R. Crim. P. 24.5 requires that where there is a plea of guilty the trial court shall determine whether the plea is the result of a plea agreement and, if it is, "the court shall require that the agreement be stated." The Arkansas Supreme Court has said that this requirement is "mandatory," *Zoller v. State*, 282 Ark. 380, 385, 669 S.W.2d 434 (1984), and I would assume that the trial court

followed the rule. Surely there is sufficient indication that this was done. *See Noble* v. *Smith*, 314 Ark. 240, 862 S.W.2d 234 (1993).

COOPER, J., joins in this concurrence.

JUDITH ROGERS, Judge, dissenting. On January 17, 1996, this court dismissed the appeal of appellant, Joel Keith Tabor. Before us today is appellant's motion to reinstate the appeal. The decision of the court on this motion is to remand this case to the trial court to "settle" the record. I must respectfully dissent because that course of action is procedurally defective and is in complete disregard of the law. However unfortunate the situation may be, the motion should be denied.

The judgment and commitment order in this case reflects that appellant pled guilty to the offenses of delivery of a controlled substance (cocaine), conspiracy to deliver a controlled substance (cocaine), and conspiracy to deliver a controlled substance (marijuana). He received sentences totalling six years in prison. Appellant purported to bring this appeal pursuant to Ark. R. Crim. P. 24.3(b), which provides:

> With the approval of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

As a general rule, direct appeals from guilty pleas are prohibited. *Scalco* v. *City of Russellville*, 318 Ark. 61, 883 S.W.2d 813 (1994); *Hampton* v. *State*, 48 Ark. App. 93, 890 S.W.2d 279 (1995). Rule 24.3(b) provides one exception to that rule. However, the supreme court has held that, because guilty pleas are generally not appealable, an attempted appeal from a guilty plea must be dismissed for lack of jurisdiction unless the requirements of Rule 24.3(b) have been met. *Burress* v. *State*, 321 Ark. 329, 902 S.W.2d 225 (1995). Stated another way, if the requirements of Rule 24.3(b) are not met, the appellate court acquires no jurisdiction to hear the appeal. *Bilderback* v. *State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Burress* v. *State, supra; Scalco* v.

*City of Russellville, supra. See also Noble* v. *State,* 314 Ark. 240, 862 S.W.2d 234 (1993).

The requirements of the rule are three-fold. The record must demonstrate: (1) the approval of the court; (2) the consent of the prosecutor; and (3) the right of review must be reserved in writing. Here, we dismissed the appeal, on motion of the State, because the record did not reflect that any of the requirements had been met so as to permit an appeal from the pleas of guilt.

Included with the motion to reinstate the appeal is a "Stipulation to Supplementation of Appellate Record," entered into by the parties. The stipulation states that appellant's counsel and the prosecuting attorney entered into an oral agreement whereby appellant would plead guilty to the charges and would be entitled to appeal the trial court's denial of appellant's motion to suppress inculpatory statements. It is admitted, however, that this agreement was not reduced to writing. The stipulation also refers to a plea statement prepared by the prosecuting attorney which contained language purporting to reserve the right to appeal. It is admitted, however, that the plea statement was neither signed by appellant nor filed with the trial court. Also attached to the motion to reinstate is the affidavit of the prosecuting attorney in which he avers that the appellant's pleas of guilt were meant to be conditioned upon the right to appeal the trial court's denial of the motion to suppress. He was at a loss, however, to explain why a plea agreement was not filed with the court.

It is on the basis of the stipulation and the exhibits attached thereto that this court remands for the "settling" of the record. I disagree because the stipulation does not alter the result of dismissing the appeal for noncompliance with the rule.

First, it is abundantly clear that there was a total failure to preserve in writing the right of review. Appellant does not even allege that this requirement was met. In fact, counsel accepts full responsibility for not strictly following the rule, but argues that the appeal should go forward because "the matter is procedural." Noncompliance with the rule, however, constitutes a jurisdictional defect, which is a matter that cannot be so easily excused.

In its decisions on this subject, the supreme court has required strict compliance with the rule. *Burress v. State, supra*; *Bilderback v. State, supra*. In *Burress*, the trial court had made a verbal reference to a document entitled "Guilty Plea Statement," but no such document, reserving the right of review, was contained in the record. The supreme court dismissed the appeal "for lack of jurisdiction because there was a lack of strict compliance with the rule." In *Bilderback*, the court found that the "reserved in writing" requirement was not met and dismissed the appeal, even though the trial court had announced in open court its understanding that the defendant's offer to plead guilty was conditioned on preserving the right to appeal the issue of suppression of a confession. The court said:

> The requirement of "reserving in writing" the right of review was not met, and we have been cited to no authority which would allow us to consider whether there was substantial compliance in view of the opening pronouncement of the Trial Court and the fact that the parties may have proceeded as if the plea were conditional.

*Id.* at 647, 893 S.W.2d at 782. The case at bar cannot be distinguished from the decisions in *Buress* and *Bilderback*. The stipulation reflects only the understanding that the pleas were entered on the condition that the right of appeal be preserved. However, as particularly demonstrated by the decision in *Bilderback, supra*, the parties' intention is no substitute for compliance with the rule.

Secondly, the failure to comply with the rule cannot be cured by simply remanding to "settle" the record. The purpose of settling the record, under Ark. R. App. P. 6(e), is to ensure that the record "truly discloses what occurred in the trial court." *Tacket v. First Savings of Ark.*, 306 Ark. 15, 810 S.W.2d 927 (1991). Settling the record is not a device to be used in retrospect to correct that which was not done. It is conceded in this case that the requirement of preserving the right to appeal in writing was not met. It is, therefore, improper to remand for the record to be reconstructed to reflect something that did not occur.

Third, it is a fundamental proposition of law that jurisdiction cannot be created by agreement. Parties cannot vest an appellate court with jurisdiction by agreeing that an appeal may

be taken. *Eckl* v. *State*, 312 Ark. 544, 851 S.W.2d 428 (1993); *Jenkins* v. *State*, 301 Ark. 586, 786 S.W.2d 566 (1990). Consequently, the stipulation, evidencing that the parties proceeded as if the plea were conditional, does nothing to salvage this appeal.

In summary, I dissent from this court's decision to remand for the "settling" of the record. Rule 24.3(b) represents an exception to the general rule prohibiting appeals from pleas of guilt. Compliance with the rule is considered jurisdictional, which explains why strict adherence with the requirements of the rule is deemed necessary. The record before us discloses that there was no compliance with the requirement that the right of review be preserved in writing. For this reason alone, we properly dismissed the appeal in the first instance. Nevertheless, this court remands for the record to be "settled" when it is conceded that the record accurately reflects that the right of review was not reserved in writing. Admittedly, such a course has its appeal in expediency, but it is a procedure not sanctioned by any rule. While I submit that this court has no choice under controlling precedent but to deny appellant's motion to reinstate the appeal, appellant is not left without a remedy. One avenue of recourse might be for appellant to seek relief under Ark. R. Crim. P. 37. *See Noble* v. *State*, 319 Ark. 407, 892 S.W.2d 477 (1995).

I am authorized to state that Chief Judge Jennings and Judges Pittman and Robbins join in this opinion.