Emma REEVES *v.* STATE of Arkansas

CR 98-872                                              5 S.W.3d 41

Supreme Court of Arkansas
Opinion delivered December 2, 1999

*Jeff Rosenzweig*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Emma Reeves appeals an order of the trial court denying her motion to modify a condition of her probation which, she contends, mandates that she be exiled from the state. We agree that the condition requires her exile, and we reverse the trial court's order and remand the matter for resentencing in accordance with this opinion.

On February 14, 1996, a criminal information was filed against Reeves charging her with stalking in the first degree in violation of Ark. Code Ann. § 5-71-229 (Repl. 1993). On April 9, 1996, she entered into a Guilty Plea Agreement relating to this charge. The punishment agreed to by Reeves and her attorney

included seven years' supervised probation with probation conditioned on immediate entry into mental health counseling, a requirement that Reeves leave the state except for two specified return trips a year of three days each, and a requirement that she have no contact with the victim or members of his family either personally or by mail, telephone, fax, or electronically. The condition of probation contained in the agreement, which is the focal point of this case, reads as follows:

> The defendant is to leave the State of Arkansas prior to April 13, 1996 and shall remain in the Lonoke County Jail until she leaves and is to remain outside the State of Arkansas until after the suspended imposition of sentence expires. (For a total period of seven years). The defendant may return to the State of Arkansas no more than two (2) times per calendar year and for no more than three (3) consecutive days per trip. Upon returning to Arkansas the defendant shall notify the Sheriff of Lonoke County that she is returning to the State of Arkansas and where she will be staying while in the State of Arkansas. Defendant shall give the Sheriff of Lonoke County at least 48 hours notice prior to returning to the State of Arkansas. Defendant shall also notify the Sheriff of Lonoke County when she is leaving the State of Arkansas. First return trip to the State of Arkansas shall be after April 15, 1997.

On that same date (April 9, 1996), a judgment and disposition order was entered sentencing her to seven years' probation for first-degree stalking, with probation conditioned in part upon her remaining out of the state of Arkansas unless permission was obtained from the probation officer to enter the state.[1]

Reeves then moved to Washington State, where she entered into court-ordered counseling. On August 19, 1997, Reeves filed a Motion to Modify Condition of Probation or Suspended Imposition of Sentence pursuant to Ark. Code Ann. § 5-4-306(b) (Repl. 1997). In that motion, she alleged that the condition requiring her to leave the state violated her federal and state constitutional rights against cruel and unusual punishment and due process of law. She further asserted that it violated Article 2, § 21 of the State Constitution, which prohibits exile from the state as a punishment. In the

---

[1] The judgment and disposition order also made reference to a suspended sentence, but that issue is not before us in this appeal.

alternative, she requested a writ of *habeas corpus* on the grounds that she was detained by being forced to live out of state.

The State responded that Reeves's request for relief fell within the scope of Rule 37 of the Arkansas Rules of Criminal Procedure, and because her petition was not timely, the court should reject the petition. The State also argued that *habeas corpus* was not applicable to this case because Reeves was not in custody, as the rule required. A hearing was held on the matter, and the trial court announced its decision in a letter to the parties:

> The Court only carried out the sentence agreed to by and between the State and defendant, pursuant to a negotiated plea. This Court will not set aside a portion of the agreed sentence.
>
> Additionally, I believe that [R]ule 37.2 of the Arkansas Rules of Criminal Procedure prohibits this Court from entertaining motions for post conviction relief.

On April 13, 1998, a formal order was entered denying the motion.

## I. Jurisdiction

■ The first issue in this case is whether this court has jurisdiction to hear the matter. Rule 1(a) of the Arkansas Rules of Appellate Procedure—Criminal states: "Except as provided by ARCrP 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere." This principle has been endorsed by this court on many occasions. *See, e.g., L.H. v. State*, 333 Ark. 613, 973 S.W.2d 477 (1998); *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994); *State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990).

■ This court has, however, recognized certain exceptions to this general principle. The first exception is alluded to in Ark. R. App. P.—Crim. 1(a) itself and that is the procedure for a conditional plea of guilty. *See* Ark. R. Crim. P. 24.3(b). There is also a statutory procedure for sentencing hearings before a jury following a guilty plea. *See* Ark. Code Ann. § 16-97-101(6) (Supp. 1999). This court has permitted appeals relating to issues involving testimony and evidence which occurred after the guilty plea but during those sentencing hearings. *See, e.g., Hill v. State, supra.*

A third exception has been carved out for postjudgment motions to amend incorrect or illegal sentences, which follow a guilty plea. *See Hodge v. State,* 320 Ark. 31, 894 S.W.2d 927 (1995); *State v. Sherman, supra; Jones v. State,* 301 Ark. 510, 785 S.W.2d 217 (1990); *Brimer v. State,* 295 Ark. 20, 746 S.W.2d 370 (1988). In *Jones v. State, supra,* we entertained an appeal from denial of the defendant's motion for jail-time credit after a guilty plea and modified the sentence to allow for the credit. In *Brimer v. State, supra,* the sentence following a guilty plea included a suspended sentence with conditions to be satisfied for a period of years that exceeded the maximum sentence for the crime involved. The defendant appealed from denial of her motion to correct an illegal sentence, and we held that the sentence was unauthorized and remanded the case for resentencing.

In *Hodge v. State, supra,* the plea agreement signed by the defendant stated that he had one prior conviction, but at the sentencing hearing, the prosecutor presented no proof of that conviction. Hodge, accordingly, was sentenced to forty years for rape, kidnapping, robbery, and theft. The State moved to vacate the sentence after discovering two prior rape convictions. The trial court granted the motion and sentenced Hodge to life in prison. On appeal, we said: "We ... do not allow appeals from guilty pleas when the appeal alleges an error having to do with an integral part of the plea and its acceptance by a trial court. (Citations omitted.)" *Id.* at 33, 894 S.W.2d at 929. We concluded, however, that the appeal from an order granting the motion to vacate was proper because the discovery of other prior convictions did not involve an error having to do with the guilty plea itself.

In *State v. Sherman, supra,* we held that the defendant could not appeal from the denial of a posttrial motion to correct an unexpected increase in his sentence following a guilty plea, because the increased sentence was an integral part and a direct result of his plea. We observed, however, that the defendant had a remedy in that he could move to correct an illegal sentence under Ark. Code Ann. § 16-90-111(b) (Supp. 1989) or our former Rule 37 of the Arkansas Rules of Criminal Procedure.

We view an order from a postjudgment motion to modify an illegal condition of probation pursuant to § 5-4-306(b), after a guilty plea, as sufficiently analogous to these cases dealing with

postjudgment motions to correct illegal sentences. Nevertheless, in applying this authority to the case at hand, we cannot say that the exile condition for probation was not an integral part of the plea agreement. In fact, it appears to have been a vital part of the probated sentence. Thus, at first blush it would seem that this appeal does not fall within the exception to our prohibition against appeals from guilty pleas.

■ Two reasons, however, convince us that this appeal is well taken. The first is that we are dealing with a motion to correct a condition of probation, and probation often accompanies a guilty plea. *See, e.g.,* Ark. Code Ann. § 16-93-101(1) (1987). It would be meaningless for the General Assembly to enact a procedure where a defendant could move to modify a condition of probation following a guilty plea but where there was no accompanying right to appeal from a denial of that motion. We do not construe acts of the General Assembly to be meaningless. *See, e.g.,, Snyder v. State,* 332 Ark. 279, 965 S.W.2d 121 (1998).

■ The second reason is equally convincing. Our statutes provide that a circuit court may correct an illegal sentence at any time. *See* Ark. Code Ann. § 16-90-111(a) (Supp. 1999). It is true that this statute was declared superseded by the time limitations in Ark. R. Crim. P. 37.2(c), which provides for postconviction relief while in custody. *See Harris v. State,* 318 Ark. 599, 887 S.W.2d 514 (1994). Here, however, we are not dealing with a petition for Rule 37 postconviction relief following imprisonment but rather a motion to modify a condition contained in a judgment of probation under § 5-4-306(b). A person on probation by definition is not in custody. *See Black's Law Dictionary* 1220 (7th ed. 1999). Hence, Rule 37 and its time requirements do not apply. We hold that the trial court had the authority to modify this illegal condition of probation under § 16-90-111(a).

■ We conclude that the order in the instant case falls within an acknowledged exception to our rule disallowing appeals from guilty pleas.

## II. Exile

We turn then to the merits of this case and to the issue of whether Reeves was indeed exiled. If so, can her condition of probation relating to exile be modified?

■ Article 2, § 21, of the Arkansas Constitution provides:

> No person shall be taken or imprisoned, or disseized of his estate, freehold, liberties or privileges; or outlawed, or in any manner destroyed or deprived of his life, liberty or property, except by the judgment of his peers or the law of the land; nor shall any person, under any circumstances, be exiled from the State.

Banishment or exile has been defined by the North Carolina Court of Appeals as an order which compels a person "to quit a city, place, or county for a specific period of time, or for life." *State v. Culp*, 226 S.E.2d 841, 842 (N.C. 1976) (*quoting* 8 C.J.S. *Banishment* p. 593).

The effect of imposing banishment or exile as a condition of probation was discussed by the Minnesota Supreme Court in 1967. *See State v. Young*, 154 N.W.2d 699 (Minn. 1967). In *Young*, the trial court granted the defendant probation on the condition that the defendant leave the State of Minnesota and take up residence in Nevada. The defendant was willing to leave the state and said so at his sentencing hearing. The defendant then sought to modify that condition. The Minnesota Supreme Court agreed that the exile condition was void and said:

> We are in accord with the great weight of American decisional law which holds that it is beyond the power of a court to impose banishment as a condition of probation. The imposition of such a condition is [a]void and separable part of the judgment of conviction. The condition is unauthorized by statute, is contrary to public policy, and is repugnant to the underlying policy of the probation law, which is to rehabilitate offenders without compromising public safety.

*Id.* at 702. *But see State v. Collett*, 208 S.E.2d 472 (Ga. 1974) (Georgia Supreme Court upheld condition of probation banishing the defendant from seven counties within the state).

We have no doubt that in the case before us Reeves was effectively exiled from this state for seven years. She was permitted returns to the state twice a year for three consecutive days. Such meager visits do not cure what is essentially probation conditioned on a court-ordered exile. As already noted, exile is expressly forbidden by our state constitution, which renders this condition requiring exile void as a matter of law. The order denying the motion to modify this condition of probation is reversed, and this matter is remanded.

We are mindful in this regard of the State's argument that a condition of probation is not necessarily invalid merely because it restricts a probationer's ability to exercise constitutionally protected rights. *See Young v. State*, 286 Ark. 413, 692 S.W.2d 752 (1985). The State also urges that the exile condition is not unduly restrictive of Reeves's liberty. *See* Ark. Code Ann. § 5-4-303(c)(10) (Repl. 1997). Finally, the State argues that exile is reasonably related to the stalking crime and future criminality. *See Young v. State, supra.* We are not persuaded by the State's arguments. We view this situation as altogether different from the prohibition against nude dancing which was a condition of the appellant's suspended sentence in *Young v. State, supra,* and which the appellant argued impinged upon her freedom of expression. In the case at hand, the public policy of this state is set forth clearly, emphatically, and unmistakably in our state constitution, and exiles such as we have before us are expressly prohibited.

What remains for this court to decide are the instructions to the trial court upon remand. The State urges that in the event of reversal, this case must go back to the trial court for complete resentencing pursuant to the guilty plea. We agree with the State that the guilty plea should remain in place. We disagree, however, that resentencing *in toto* is required.

The State cites us to *Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996), for the proposition that complete resentencing is necessary. In the first *Meadows* appeal, we remanded the matter for resentencing because the trial court suspended *execution* of the sentence rather than *imposition* of the sentence. At resentencing, the trial court increased the years of imprisonment and the term of the subsequent suspended sentence. The defendant argued on appeal that the trial court was limited to substituting *imposition* for *execution*

and that the court could not increase his sentence. We affirmed for three reasons: (1) defense counsel agreed that resentencing, following the hearing, could be based on the full range of punishment; (2) a sentence is an indivisible totality; and (3) the remand was for resentencing and not for the limited purpose of substituting "imposition" for "execution."

In the instant case, Reeves has never acceded to complete resentencing but has only urged the elimination of the exile condition. In addition, we are dealing here with a valid sentence of seven years' probation with that probation being subject to three conditions. One of those conditions is illegal, but the other two dealing with mental health counseling and prohibition against any contact with the victim or the victim's family are proper. Modifying a condition of probation is specifically contemplated under § 5-4-306(b), and in this case the trial court abused its discretion in refusing to strike the illegal condition. Under these circumstances, we do not view *Meadows v. State, supra*, as controlling.

We remand this matter with instructions to strike the exile condition of probation. The trial court, of course, may impose additional conditions of probation, fines, or confinement in a local facility during the period of probation as authorized by Ark. Code Ann. § 5-4-306(b) (Supp. 1999).

Reversed and remanded.