Roy Ewing SHIRLEY, Jr. *v*. STATE of Arkansas

CA CR 03-610                                        141 S.W.3d 921

Court of Appeals of Arkansas
Division IV
Opinion delivered January 21, 2004

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The appellant, Roy Ewing Shirley, Jr., was placed on probation for committing the offense of first-degree sexual abuse. On February 6, 2003, appellant appeared before the court and pled guilty to violating the conditions of his probation. By a judgment and commitment order dated February 11, 2003, the trial court imposed a five-year sentence upon the probation revocation. Later on that same date, the court requested appellant's appearance in court. In an effort to ensure appellant's payment of the cost of treatment that had been required as a condition of appellant's probation, the trial court increased appellant's sentence upon revocation to ten years in prison, of which five years were suspended. An amended judgment to that effect was entered that same day. The appellant now appeals arguing that the trial court did not have jurisdiction to alter the first sentence that had been imposed

upon revocation. The State concedes error, and we agree that the trial court did not have the authority to amend the initial judgment.

■ Technically, this appeal arises from a guilty plea. The general rule is that there is no right to appeal from a plea of guilt. *Hampton v. State*, 48 Ark. App. 93, 890 S.W.2d 279 (1995). However, this rule is not without exceptions. *Id.* The denial of a motion to suppress can be appealed under a conditional plea of guilt made pursuant to Ark. R. Crim. P. 24.3. There can also be an appeal after a guilty plea when the appeal is from the denial of a postjudgment motion. *See Hodge v. State*, 320 Ark. 31, 984 S.W.2d 927 (1995); *Jones v. State*, 301 Ark. 510, 785 S.W.2d 217 (1990). Also, when the issues of guilt and sentencing have been bifurcated, an appeal is permitted for the review of errors alleged to have occurred at the sentencing hearing. *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). There can be no appeal, however, where the appeal is from a sentencing procedure that was an "integral part of the acceptance of the plea of guilty." *State v. Sherman*, 303 Ark. 284, 285, 796 S.W.2d 339 (1990). *See also Hampton v. State, supra; Henagen v. State*, 302 Ark. 599, 791 S.W.2d 371 (1990). *Cf. Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999).

■ In the recent decision of *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), the court applied the reasoning of *Hill v. State, supra,* to permit an appeal after a guilty plea had been entered. There, the appellant pled guilty to three felony offenses, and the court pronounced sentence in open court of five years in prison for each offense to be served concurrently. Eight days later, the trial court issued an order *sua sponte* directing the appellant to appear in court for resentencing. At the resentencing hearing, the court ordered the five-year terms to be served consecutively. Despite the guilty plea, the appeal was allowed on the ground that the sentencing hearing took place "separate and apart from the guilty plea." *Bradford* at 401, 94 S.W.3d at 908. Like *Bradford,* the appellant in the instant case was sentenced at a proceeding separate and apart from the guilty plea. Therefore, we conclude that an appeal is proper.

■ As a general rule, a trial court may not revise a valid sentence after execution of the sentence has begun. *Hodge v. State*, 320 Ark. 31, 894 S.W.2d 927 (1995). A sentence is put into execution when the trial court issues a judgment of conviction or

a commitment order. *Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003). In this case, the trial court entered a judgment and commitment order sentencing the appellant to five years in prison. Having done so, the trial court lacked the authority to modify the judgment. *See Hodge v. State, supra.* Therefore, we affirm as modified to reinstate the five-year sentence imposed in the judgment entered on February 11, 2003. *Id.*

■    Appellant has also posed the question of whether this case runs afoul of the prohibition against being twice placed in jeopardy. We do not address this argument because it was not raised below. *Id.* Even so, we note that such an argument was rejected in *United States v. DiFrancesco*, 449 U.S. 117 (1980). There, the Court remarked that the prohibition against multiple trials is the controlling constitutional principle of double jeopardy and that sentencing does not carry the finality that attaches to an acquittal, which prohibits retrial:

> ... our task is to determine whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. We conclude that neither the history of sentencing practices, not the pertinent rulings of this Court, nor even considerations of double jeopardy policy support such an equation.

*Id.* at 132. The Court further observed that "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Id.* at 135.

Affirmed as modified.

Bird and Griffen, JJ., agree.