Billy Dale GREEN *v.* STATE of Arkansas

CR 04-1356                                              209 S.W.3d 339

Supreme Court of Arkansas
Opinion delivered June 2, 2005

[Rehearing denied September 8, 2005.]

*Mac Golden PLLC*, by: *Mac Golden*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Suzanne Antley*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Billy Dale Green appeals an order denying his motion to withdraw his guilty plea under Ark. R. Crim. P. 26.1. Green asserts that the circuit court abused its discretion in failing to appoint him counsel and in failing to set a hearing on the motion. We find no abuse of discretion and affirm. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2).

*Facts*

On July 17, 2003, Pocahontas Police Department Officer Tim Whitacker saw a black vehicle and a blue vehicle chasing a white vehicle. Each vehicle was being driven recklessly and at a high rate of speed. Whitacker followed the three vehicles, and the blue vehicle rear-ended the black vehicle. The blue vehicle left the scene; however, the black vehicle stopped, started to leave, and then stopped again. Whitacker pulled up, stopped, and got out of his car. As he was doing so, he saw the driver of the black vehicle, later identified as Green, toss something from the car. Two containers were found a few feet from Green's car. The contents were later identified as methamphetamine.

Green was arrested at the scene. On April 13, 2004, he entered a guilty plea to one count of possession of methamphetamine with the intent to deliver and two counts of drug paraphernalia. Green was represented by counsel at the hearing on his guilty plea. However, on May 6, 2004, and without consulting counsel, Green filed a *pro se* motion to withdraw his guilty plea. The motion was considered by the circuit court at a hearing on May 24, 2004, the same hearing in which Green was sentenced.

The motion to withdraw his guilty plea asserted that Green received ineffective assistance of counsel in that his attorneys were not prepared for trial and that they told him he was not entitled to a continuance and needed to plead guilty. Green further asserted that his attorneys' ineffective assistance of counsel arose from a failure to obtain work records of Green's wife which would show that she was at work and "could not have seen what she was to testify to at my trial . . . ." There is no assertion in the motion that his counsel could not represent him due to a conflict of interest, and Green made no request in the motion, for appointment of counsel.

At the May 24, 2004, hearing, the State was offered an opportunity to respond to the motion and did so, arguing that contrary to Green's assertion, the work records would not prove Mrs. Green was at work at the time she was supposed to have seen alleged criminal conduct by Green. Green was offered the opportunity to reply to the State's response and did not do so. He stated that he did not know how to respond. He also stated, "I'd like to have a trial on it." The motion was denied, and Green was sentenced to life for possession with intent to deliver methamphetamine and thirty-six months on each count of possession of drug paraphernalia.

### Standard of Review

We have not previously set out the standard of review in a case based on denial of a motion under Arkansas Rule of Criminal Procedure 26.1. Rule 26.1 provides that once a plea of guilty has been accepted by the court, "the court in its discretion" may allow withdrawal of the plea. The plea, however, must be withdrawn prior to entry of judgment. The standard of review is therefore abuse of discretion.

## Withdrawal of a Guilty Plea

The State argues that we lack jurisdiction in this case because one may not appeal from a guilty plea. The State is correct that there is no right of appeal from a plea of guilty. *Seibs v. State*, 352 Ark. 472, 101 S.W.3d 802 (May 6, 2004); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987). *See also* Ark. R. App. P. — Crim. 1(a).

■ However, when the matter appealed is from a decision which was neither a part of the guilty plea accepted nor part of sentencing, where sentencing was an integral part of accepting the guilty plea, the appeal is allowed. *Hodge v. State*, 320 Ark. 31, 894 S.W. 2d 927 (1995); *Hill v.* State, 318 Ark. 408, 887 S.W. 2d 275 (1994) (appeal from error in sentencing where sentencing hearing was not an integral part of hearing on the guilty plea); *Jones v. State*, 301 Ark. 510, 785 S.W.2d 217 (1990) (appeal from denial of post trial motion to correct illegal sentence); *Brimer v. State*, 295 Ark. 20, 746 S.W.2d 370 (1988) (appeal from denial of post trial motion to modify sentence to give credit for jail time). *See also State v. Sherman,* 303 Ark. 284, 796 S.W.2d 339 (1990). More recently in *Bradford v. State*, 351 Ark. 394, 94 S.W. 2d 904 (2003), and *Reeves v. State*, 339 Ark. 304, 5 S.W. 3d 41 (1999), we discussed appeals from a decision on a postjudgment motion to correct an illegal or incorrect sentence.

■ Because Green is alleging error by the circuit court in proceedings under his Rule 26.1 motion to withdraw his guilty plea, he is not appealing or attacking the plea itself. He has a right to appeal the denial of his Rule 26.1 motion.

## Rule 26.1

Green asserts that he is entitled to withdraw his guilty plea pursuant to Rule 26.1, which states in pertinent part:

> (a) A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or

her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

(b) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

(I) he or she was denied the effective assistance of counsel;

(ii) the plea was not entered or ratified by the defendant or a person authorized to do so in his or her behalf;

(iii) the plea was involuntary, or was entered without knowledge of the nature of the charge or that the sentence imposed could be imposed;

* * *

Green alleges that he suffered manifest injustice, and that he should be allowed to withdraw his guilty plea under Rule 26.1.

However, even accepting for the sake of argument that Green's wife's employment precluded her from seeing Green engage in the criminal activity that was to be the subject of her testimony, Green fails to show manifest injustice. Green argues manifest injustice in that he only pled guilty because his attorneys were not prepared to try his case due to a lack of preparation and a belief no continuance could be obtained. Green alleges that when his attorneys failed to do their job, they convinced him to plead guilty. Green asserts more specifically that the reason his attorneys were not ready to try his case was because they had failed to obtain the information on his wife's whereabouts at the time she supposedly saw him engaged in criminal activities.

■■ At the hearing on the guilty plea, the circuit judge asked specific questions and received complete answers from Green on a large number of issues regarding whether his decision to plead guilty was knowing and voluntary. The following collo-quy occurred at the hearing on the guilty plea:

THE COURT: Is this a plea, is this a plea to the Court?

MS. HARRIS: Yes, it is, Your Honor.

THE COURT: All right. A plea of guilty?

Ms. HARRIS: Yes, sir.

THE COURT: All right. Is that correct, you're pleading —

MR. GREEN: Yes.

THE COURT: — directly to the Court? All right. Have you had an opportunity to talk to your lawyers?

MR. GREEN: Yes.

THE COURT: And are you satisfied with them?

MR. GREEN: Yes.

THE COURT: You got any complaints?

MR. GREEN: No.

THE COURT: Anybody forcing you to plead?

MR. GREEN: No, sir.

THE COURT: Threatening you?

MR. GREEN: No, sir.

THE COURT: Intimidating you?

MR. GREEN: No, sir.

THE COURT: You under the influence of any alcohol, whiskey, beer, or drugs?

MR. GREEN: No, sir.

THE COURT: Has the Sate of Arkansas offered you anything to get you to plead like money?

MR. GREEN: No, sir.

THE COURT: Is this voluntary, is this what you want to do?

MR. GREEN: Yes.

THE COURT: Have they made any recommendations or made any, have they told you the date you're supposed to get out of the penitentiary?

MR. GREEN: No, sir.

THE COURT: Ms. Harris, you concur with the plea?

MS. HARRIS: Yes, Your Honor.

* * *

THE COURT: Are those facts true and accurate and did you commit those facts?

MR. GREEN: Yes, sir.

THE COURT: How do you plead to possession of methamphetamine with intent to deliver, one count, a Y felony, guilty or not guilty?

MR. GREEN: Guilty.

THE COURT: How do you plead to the offense two, C felony, possession of paraphernalia?

MR. GREEN: Guilty.

THE COURT: How do you plead to offense three, possession of paraphernalia, guilty or not guilty?

MR. GREEN: Guilty.

THE COURT: Are you pleading guilty to those because you are guilty?

MR. GREEN: Yes.

THE COURT: Have you read your guilty plea statement?

MR. GREEN: Yes.

THE COURT: You understand that?

MR. GREEN: Yes.

THE COURT: And you understand the range of punishment from ten to eighty or $50,000 fine?

MR. GREEN: Yes, sir.

THE COURT: And did you sign the waiver of jury trial?

MR. GREEN: Yes, sir.

Green responded to each question, assuring the circuit judge that he was entering his guilty plea voluntarily, knowingly and without being threatened or coerced into doing so. These responses directly refute the charges in his motion that his attorneys were coercing him to plead guilty. Further, in addition to the specific questions noted above, Green was asked a number of very general questions about whether he was satisfied with his attorneys. He responded that he was. A criminal defendant who in pleading guilty represents to the circuit court that he or she understands his or her rights and that there is no force or compulsion will not be later allowed through a postconviction relief motion to dispute those representations. *Pettigrew v. State*, 262 Ark. 359, 556 S.W. 2d 880 (1977). *See also Renfro v. State*, 264 Ark. 601, 573 S.W. 2d 53 (1978).

### Right to a Hearing

■ As already noted, where a state decides to offer post-conviction relief, it must be fundamentally fair. Green argues that the circuit court erred in failing to hold a hearing. This court has not spoken on the question of the right to a hearing on a motion to withdraw a guilty plea. The Supreme Court of Kansas has considered this issue and reached a conclusion that satisfies fundamental fairness. In *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1996), the court stated that "A hearing on a motion to withdraw a plea of guilty or nolo contendere is limited to those instances in which the defendant's motion raises substantial issues of law or fact and should be denied when the files and the records conclusively show that the defendant is entitled to no relief." In the case before us, no issues of law or fact were presented that required a hearing.

*Right to Counsel*

Green also argues that his constitutional right to counsel was violated when the circuit court failed to appoint counsel on his Rule 26.1 motion to withdraw his guilty plea. As previously noted, Green did not ask for appointment of counsel in his motion to withdraw his plea. He also did not request appointment of counsel at the hearing on May 24 2004; however, on appeal, Green argues that the circuit court erred in not appointing counsel. Thus, there is no question that Green is alleging that the circuit court had a duty to appoint counsel and also that this asserted error is subject to review on appeal even though he made no objection below.

██ Our law is well settled that issues raised for the first time on appeal, even constitutional issue, will not be considered because the circuit court never had an opportunity to make a ruling. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). Therefore, Green is arguing plain error. However, "Arkansas does not recognize plain error, i.e., an error not brought to the attention of the trial court by objection, but nonetheless affecting substantial rights of the defendant." *Roberts v. State*, 352 Ark. 489, 508, 102 S.W.3d 482 (2003). While this court has recognized four exceptions to the plain error rule under *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), we need not engage in any analysis under those exceptions because there is no right to counsel in a proceeding under Rule 26.1.

Affirmed.