
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-900

| | | |
|---|---|---|
| | | **Opinion Delivered** June 18, 2014 |
| EARL MANGUM, III | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CR-63CR-10-439-2A] |
| V. | | HONORABLE GARY M. ARNOLD, JUDGE |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Earl Mangum, III's probationary sentence, which was the result of an October 11, 2010 guilty plea to charges of commercial burglary and first-degree criminal mischief, was revoked by the Saline County Circuit Court. The State filed a petition to revoke Mangum's probation on February 2, 2012. On April 9, 2012, Mangum changed his plea to guilty in the probation-revocation petition. After conducting a plea hearing, the circuit court accepted Mangum's plea of guilty to the probation-revocation petition, and after a subsequent sentencing hearing on May 29, 2013, sentenced him to three years in the Regional Correctional Facility. The circuit court entered a sentencing order on June 13, 2013, and an amended sentencing order on June 19, 2013. Mangum timely filed a notice of appeal on July 11, 2013.

Appellant's counsel has now filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2013). The clerk of this court provided Mangum with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Mangum did not file pro se points; as a consequence, the attorney general did not file a brief in response.

Mangum is not permitted to bring an appeal. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b) (2013), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a) (2013). Rule 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances, but Mangum did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *Johnson v. State*, 2010 Ark. 63. An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). Neither of those exceptions applies here—our review of the entire record indicates that there is no challenge to the evidence presented during the sentencing portion of Mangum's probation-revocation plea hearing, and there is no challenge to the validity of the sentence itself. Mangum's appeal is therefore dismissed. *See Hubbard v. State*, 2012 Ark. App. 443.

SLIP OPINION

SLIP OPINION

Appeal dismissed.

PITTMAN and WHITEAKER, JJ., agree.

*Dyer and Jones*, by: *F. Parker Jones III*, for appellant.

No response.