Cite as 2016 Ark. App. 190

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-698

| | |
|---|---|
| SHONDRICA BURTON<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 6, 2016<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. CR-11-98]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Shondrica Burton appeals the revocation of her probation. Burton claims that her attorney rendered ineffective assistance of counsel because he was unable to explain the meaning of joint and several liability to her in a way she could understand. Having reviewed the record before us, we conclude that her argument is not preserved for appeal and affirm.

Burton pled guilty in 2012 to theft of property, a Class C felony. She was placed on three years' probation and ordered to pay $150 in court costs, $500 in fines, $325 in fees, and $3,170 in restitution to the victim. Pursuant to the negotiated plea, Burton's restitution obligation was also jointly and severally applicable to her and her codefendants. On March 20, 2015, the State petitioned to revoke Burton's probationary sentence, alleging that she had violated the terms and conditions of her probation by living with a convicted felon at an unreported address and by failing to pay her court costs, fines, fees, and restitution. A

probation revocation hearing was set for May 20, 2015.

Just before the hearing began, defense counsel noted that the State had extended a plea offer to allow Burton to plead guilty to the violation of conditions of probation and receive an extension of probation for two years. Burton refused to take the offer because, according to her, she did not understand what "joint and several liability" meant, and she considered herself liable only for a third of the restitution amount with her two codefendants being liable for the remainder. Following the hearing, the circuit court revoked Burton's probation and sentenced her to seven years' imprisonment in the Arkansas Department of Correction.

On appeal, Burton concedes that the circuit court's revocation of her probation was not clearly against the preponderance of the evidence and does not assert any error with respect to the revocation hearing itself. Burton alleges only that defense counsel rendered ineffective assistance when he failed to adequately explain joint and several liability to her, thereby causing her to reject the State's plea offer.

Burton's argument is not preserved for this court's review. The State correctly contends that Burton's argument was not raised below, so now it is not properly preserved for appeal. This court has long held that an appellant must raise an argument and obtain a ruling on even constitutional issues in the trial court in order to preserve the issue for appeal. *See Raymond v. State*, 354 Ark. 157, 162–63, 118 S.W.3d 567, 571 (2003). Issues raised for the first time on appeal will not be considered because the circuit court never had an opportunity to make a ruling. *Johnson v. State*, 2009 Ark. 460 (per curiam) (citing *Green v.*



*State*, 362 Ark. 459, 209 S.W.3d 339 (2005)).  Because Burton did not raise her ineffectiveness claim at the trial court level, the issue cannot be considered on appeal.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Carey E. Lyles Dowdy*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.