SLIP OPINION

Cite as 2014 Ark. App. 691

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–635

| | |
|---|---|
| | **Opinion Delivered** December 3, 2014 |
| MATTHEW JAMES LEE<br><br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR-13-0810-1] |
| V. | |
| STATE OF ARKANSAS<br><br>APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Matthew Lee appeals from his conditional plea of guilty to the charge of first-offense driving while intoxicated (DWI). He was sentenced to thirty days in the county jail, with twenty-nine days suspended for one year and credit for one day. He was also assessed fines, fees, and other costs. Lee argues that the trial court erred in denying his motion to suppress evidence. We affirm.

The facts are that on December 24, 2012, Officer Travis Pennington of the Rogers Police Department was notified by dispatch of a possible disturbance in progress in the parking lot of the Goodyear Tire building located at New Hope and 8th Streets. According to dispatch, to the callers stated that two men were chasing a woman and dragging her to the ground. Pennington was informed that two vehicles were in the parking lot: a white Ford truck and a dark Volvo station wagon. He was subsequently informed that one of the men

had gotten into the white truck and was about to pull out of the parking lot. Pennington was only a short distance away from the location and arrived approximately two minutes after receiving the call. Upon arrival, he saw Lee, who was driving a white Ford F150, attempting to leave. Pennington also noticed a black Volvo station wagon in the parking lot. Pennington activated his blue lights and made contact with Lee. As a result of that contact, Lee was arrested and charged with DWI.

Lee filed a motion to suppress on September 25, 2013. His suppression hearing took place on November 12, 2013. Officer Pennington testified that when he received the call from dispatch, he sped to the location because he thought that someone might be hurt. He stated that he did not personally witness any disturbance; that he did not see a woman when he arrived; that the callers did not give a description of the men; that he did not know anything about the callers; and that he did not see any evidence of a crime scene. The court denied Lee's suppression motion, finding that "if the officer had not initiated a traffic stop and done a criminal investigation perhaps we [would] consider [him] derelict in his duties." Lee subsequently entered a conditional plea of guilty to the charge against him. This timely appeal followed.

When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction.[1] For relevant purposes in the appeal before us, only a conditional plea pursuant

---

[1] *Hill v. State*, 81 Ark. App. 178, 100 S.W.3d 84 (2003).

SLIP OPINION

to Rule 24.3(b) enables a defendant to retain the right to appeal an adverse suppression ruling.[2]

Rule 24.3(b) states:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, (i) to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement.

In reviewing the denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court and proper deference to the trial court's findings.[3] The trial court's ruling will not be reversed unless it is clearly against the preponderance of the evidence.[4] We will defer to the trial court in assessing the credibility of witnesses.[5]

Lee contends that the court erred in denying his motion to suppress because Officer Pennington did not have reasonable suspicion to stop his vehicle on December 24, 2012. Rule 3.1 provides:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger or forcible injury to persons or of appropriation of or damage to property, if such action

---

[2]Ark. R. Crim. P. 24.3(b) (2013).

[3]*Summers v. State*, 90 Ark. App. 25, 203 S.W.3d 638 (2005).

[4]*Id.*

[5]*Id.*

is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.[6]

Our criminal rules define "reasonable suspicion" as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion."[7]

Lee further contends that his motion for suppression should have been granted because the traffic stop was made in violation of *Alabama v. White*[8] and *Florida v. J.L.*[9] In *White*,[10] an anonymous tipster told the police that a woman would drive from a particular apartment building to a particular motel in a brown Plymouth station wagon with a broken right tail light. The tipster further asserted that the woman would be transporting cocaine.[11] After confirming the details, officers stopped the station wagon as it neared the motel and found cocaine in the vehicle.[12] The Supreme Court held that the officers' corroboration of certain details made the anonymous tip sufficiently reliable to create reasonable suspicion of criminal

---

[6]Ark. R. Crim. P. 3.1 (2013).

[7]*Summers*, 90 Ark. App. at 31, 203 S.W.3d at 642. *See* Ark. R. Crim. P. 2.1 (2013).

[8]496 U.S. 325 (1990).

[9]528 U.S. 1134 (2000).

[10]*Supra.*

[11]*Id.*

[12]*Id.*

activity.[13] The Supreme Court held that by accurately predicting future behavior, the tipster demonstrated "a special familiarity with respondent's affairs," which in turn implied that the tipster had "access to reliable information about that individual's illegal activities."[14] The Supreme Court also recognized that an informant who is proved to tell the truth about some things is more likely to tell the truth about other things, "including the claim that the object of the tip is engaged in criminal activity."[15]

However, in *J.L.*,[16] the Supreme Court determined that no reasonable suspicion arose from a bare-bones tip that a young black male in a plaid shirt standing at a bus stop was carrying a gun. The tipster did not explain how he knew about the gun, nor did he suggest that he had any special familiarity with the young man's affairs.[17] The Supreme Court held that as a result, police had no basis for believing "that the tipster ha[d] knowledge of concealed criminal activity."[18] Additionally, the tip included no predictions of future behavior that could be corroborated to assess the tipster's credibility.[19] The Supreme Court concluded that the tip was insufficiently reliable to justify a stop and frisk.[20]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Supra.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

Here, Officer Pennington received a call of a possible disturbance in progress, which involved two men dragging a woman. He arrived at the scene approximately two minutes later and was able to verify the presence of the two vehicles the callers said were in the parking lot. He was also able to verify that the driver of the white truck was trying to leave, just as the callers had indicated. We hold that at the time Officer Pennington made the stop of Lee's truck, the tip had been sufficiently corroborated to give him reasonable suspicion. As our supreme court quoted in *Hammons v. State*:[21] "Generally speaking, an officer would indeed be foolish to ignore an anonymous tip. So long as the officer does not invade the privacy and freedom of others, he is free to investigate any police matter in any manner not prohibited by law." Accordingly, we affirm.

Affirmed.

WYNNE and GRUBER, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura K. Shue*, Ass't Att'y Gen., for appellee.

---

[21]327 Ark. 520, 527, 940 S.W.2d 424, 428 (1997).