ROBERT J. GLADWIN, Judge | ]Appellant Justin Cartwright appeals the April 27, 2016 sentencing orders of the Jefferson County Circuit Court pursuant to which he was sentenced to a total of 696 months in the Arkansas Department of Correction (ADC). He argues that the trial court abused its discretion in failing to follow the sentencing mandates of Arkansas Rule of Criminal Procedure 25 (2016). We dismiss. Appellant was charged in case no. CR-2015-103 with two counts of aggravated robbery, possession of a firearm by certain persons, and theft by receiving. In case no., CR-2015-108, he was charged with escape and second-degree battery. Negotiations led to a plea agreement providing that if appellant entered a plea of guilty to all charges, the State would recommend that he be sentenced to twenty years in the ADC on all counts in the first case with another six years concurrent on the charge of second-degree battery in the second case. These would be served concurrently with the ADC sentence appellant was 12then serving from a prior conviction. In addition, appellant would be required to testify truthfully against codefendant Corderro Foster at Foster’s jury trial that was scheduled to take place by February 10, 2016. On February 5, 2016, appellant entered guilty pleas in the above-described cases, and in open court with counsel present and participating, appellant provided a factual basis for the charges and admitted guilt to the trial court. The trial court found the plea to be knowing and voluntary and also found a factual basis for the plea. The trial court acknowledged appellant’s counsel’s explanation that appellant was required to testify truthfully against Foster as part of the plea agreement and asked appellant if he was aware of his obligations in order to get his “guaranteed sentence.” Appellant responded in the affirmative. The trial court then accepted appellant’s guilty plea but deferred sentencing until “at least February 10th,” presumably subsequent to the conclusion of Foster’s jury trial. On March 4, 2016, at the deferred sentencing proceeding, the State explained to the trial court that appellant’s testimony at Foster’s trial was the complete opposite of what his counsel had previously led the State to expect. Appellant testified that another individual on the evidence videos had assisted him in the robberies rather than Foster. As a result, the State moved to withdraw its plea offer. Although defense counsel argued that appellant testified truthfully, the trial court allowed the State to withdraw its sentencing recommendation, stating, I did not accept any type of recommendation from the State. All I accepted was the guilty plea from [appellant] based on what [appellant] did during the aggravated robbery and during the escape. So, [appellant] has been found guilty by the Court. And now the State is withdrawing their recommendation. So, [appellant] will be sentenced by the Court without a recommendation from the State. Do you have anything you want me to consider before I pronounce sentence? |3Appellant’s attorney responded that appellant admitted his involvement and requested that appellant receive the same sentence that Foster received at trial. Appellant made no attempt to withdraw his guilty plea. The trial court sentenced appellant to 600 months in the ADC on each count of aggravated robbery, 180 months for possession of a firearm, and 96 months for theft by receiving, all set to run concurrently, in case no. CR 2015-103. In case no. CR 2015-108, the trial court sentenced appellant to 300 months for escape and 96 months for second-degree battery, running concurrent to each other but consecutive to case no. CR 2015-103. All sentences would be consecutive to the sentence that appellant was already serving in the ADC. A decision to allow alternative sentencing is reviewed for an abuse of discretion. Steele v. State, 2014 Ark. App. 257, 434 S.W.3d 424. This standard is a high threshold and requires that a trial court act improvidently, thoughtlessly, or without due consideration. Id. Appellant argues that the trial court abused its discretion in failing to follow the sentencing mandates of Arkansas Rule of Criminal Procedure 25. Specifically, appellant argues that the sentencing orders should be reversed and remanded for re-sentencing or dismissed because the trial court was in violation of Arkansas Rule of Criminal Procedure 25.3(c), which sets forth the responsibilities of the trial judge concerning plea agreements: If the parties have not sought the concurrence of the trial judge in a plea agreement or if the judge has declined to indicate whether he will concur in the agreement, he shall advise the defendant in open court at the time the agreement is stated that: (i) the agreement is not binding on the court; and 14(ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement. The trial court specifically stated that “it did not accept any type of recommendation from the State.” Because the trial court declined to indicate that it concurred in the agreement, appellant maintains that it had a duty and a responsibility under Rule 25 to inform him that the agreement was not binding on the trial court and that the disposition might be different from that contemplated by the agreement. Appellant urges that the trial court violated the mandatory language in Rule 25 because he was unaware of the potential outcomes of his agreement. See Bradford v. State, 351 Ark. 394, 94 S.W.3d 904 (2003). In addition, appellant argues that there was insufficient evidence presented to the trial court that he had violated the terms of his agreement with the State. Appellant asserted that he had testified truthfully at trial, and the State presented no contrary evidence to the trial court. Appellant claims that it was the State that erred by not having him proffer his testimony prior to its presentation at Foster’s trial. All it had was an alleged assertion by appellant’s counsel of the expected testimony and nothing provided from appellant himself. In Wright v. State, 2016 Ark. 5, our supreme court reiterated that Arkansas Rule of Appellate Procedure-Criminal 1(a) (2016) provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3. See Gooch v. State, 2015 Ark. 227, 463 S.W.3d 296. The court noted the two additional exceptions to the general rule as set out in Grissom v. State, 2009 Ark. 328 (per curiam), and Seibs v. State, 357 Ark. 331, 166 S.W.3d 16 (2004): (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea 1¡¡itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. Wright, supra; see also Bradford, supra. Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. Wright, supra; Nelson v. State, 2012 Ark. 217 (per curiam). Because this case does not meet the requirements for any of the exceptions that would allow for an appeal from the judgment, we dismiss. Dismissed. Glover, Vaught, and Brown, JJ., agree. Whiteaker, J., concurs. Harrison, J., dissents.