ROBERT J. GLADWIN, Judge
After a lengthy history of guilty pleas to revocations of his probationary sentences and resulting re-impositions, on March 6, 2017, William Terrance Anderson pleaded guilty to having violated a condition of his probation by testing positive for cannabinoid, cocaine, and alcohol on June 23, June 27, and June 29, 2016. His plea statement was filed on March 7, 2017. The circuit court accepted Anderson's guilty plea and on June 1, 2017, sentenced Anderson to two years' imprisonment. A sentencing order was entered on June 7, 2017, and Anderson filed a timely notice of appeal on June 16, 2017.[1]
Anderson's counsel has now filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4-3(k) (2017). The clerk of this court furnished Anderson with a copy of his counsel's brief and notified him of his right to file pro se points; Anderson did not file any points.[2]
*780 Anderson is not permitted to bring an appeal from his plea of guilty. Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal (2017) provides, "Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere." Anderson's plea was neither a conditional plea pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure nor one of the two exceptions to Rule 1(a) that have been recognized by our supreme court-(1) when the issue on appeal concerns evidentiary errors arising after the guilty plea but during the sentencing phase of the trial, regardless of whether it was a jury trial or a bench trial, or (2) when the issue is the denial of a postjudgment motion to amend an incorrect or illegal sentence. Cox v. State, 2014 Ark. App. 429, at 2 (citing Houston v. State, 2014 Ark. App. 344 ; Hubbard v. State, 2012 Ark. App. 443 ). Anderson's appeal is therefore dismissed.
Appeal dismissed; motion to withdraw granted.
Glover and Whiteaker, JJ., agree.

An amended sentencing report was filed on June 21, 2017, but it did not make material changes with respect to Anderson's sentence.

The packet was returned to the clerk's office marked "Return to Sender-Attempted-Not Known Unable to Forward" on February 20, 2018. Counsel was contacted via email on February 23, 2018, in an attempt to gain additional contact information. The Pulaski County Public Defender's Office responded, stating that the only other information available was from former case files and, that they had reached out to Anderson's probation officer in an attempt to gain additional contact information, but that and the calls had not been returned.