LARRY D. VAUGHT, Judge
William Starks pled guilty to two offenses in two separate cases. The Pulaski County Circuit Court entered two sentencing orders; one for each conviction. Starks appeals the sentencing orders, raising two points: (1) the circuit court erred in sentencing him based on a presentence report that contained an error; and (2) the circuit court erred in failing to advise him that he would be sentenced to imprisonment rather than probation in violation of Arkansas Rule of Criminal Procedure 25.3(c). We affirm in part and dismiss in part.
On August 21, 2017, the State charged Starks in case No. CR-17-2907 with theft by receiving and an enhancement for being a habitual criminal. On November 14, 2017, Starks was charged in case no. CR-17-3937 with theft of property and an enhancement for being a habitual criminal. On February 21, 2018, Starks signed plea statements in each case, and the State nol-prossed the habitual-offender-sentencing enhancement in each case. The circuit court requested a presentence report and set the case for a sentencing hearing on March 12, 2018.
At the sentencing hearing, the presentence report was entered into evidence. The report recited allegations supporting the charges against Starks and his criminal history that included a list of six misdemeanor convictions and nine felony convictions. The report further provided that the "Arkansas Sentencing Standards Grid offers 42 months in the Arkansas Department of Correction" for each crime. No other evidence or testimony was presented. Starks's counsel requested that Starks be sentenced to probation, which he was *702 eligible for after the State nol-prossed the habitual-offender charges.
The court sentenced Starks to forty-two months' imprisonment for theft by receiving and forty-two months' imprisonment for theft of property, to run concurrently, with a ten-day credit in each case for time he had served in jail. Sentencing orders in each case were entered, and this appeal followed.
Before reaching the merits of Starks's points on appeal, we must address the State's contention that Starks's appeal must be dismissed for lack of jurisdiction. Arkansas Rule of Appellate Procedure-Criminal 1(a) (2018) provides that there is no direct appeal from a plea of guilty. There are three exceptions: (1) when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3 ; (2) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing[1] separate from the plea itself; and (3) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. Cartwright v. State , 2017 Ark. App. 100, at 4-5, 514 S.W.3d 494, 497. Absent one of the exceptions, a defendant waives the right to appeal when he or she pleads guilty. Id. at 5, 514 S.W.3d at 497.
Because this case does not involve an appeal from a conditional guilty plea under Rule 24.3 of the Arkansas Rules of Criminal Procedure or an appeal from a posttrial motion challenging the validity or legality of the sentence, the first and third exceptions do not apply. Therefore, we must analyze this case under the second exception and determine whether Starks's points on appeal are challenging testimony or evidence presented during a sentencing hearing separate from the plea itself.
Starks's first point on appeal is that the circuit court erred in sentencing him based on an error in the presentence report that was introduced into evidence during the sentencing hearing. The appeal of this issue falls within the second exception to the general rule because Starks's appeal is a challenge to the evidence (the facts stated in the presentence report) presented during his sentencing hearing. Accordingly, we have jurisdiction over the appeal of this issue. Hill v. State , 318 Ark. 408, 887 S.W.2d 275 (1994) (holding that the appellant's appeal of evidence admitted during the sentencing hearing fell within the second exception and vested the appellate court with jurisdiction).
Starks argues that the circuit court erred when it sentenced him based on a presentence report that contained an error. He argues that the error in the report resulted in a fundamentally unfair sentence because it caused him to be punished based on conduct for which he was neither charged nor convicted. However, we cannot reach the merits of this issue because Starks did not raise this argument or objection below.[2] At the sentencing hearing, the following colloquy occurred between the court and Starks's counsel:
COURT : Have you had a chance, a chance to look this [presentence report] over as well as you want?
DEFENSE COUNSEL : I have.
COURT : Okay.
*703 DEFENSE COUNSEL : On page four, though, they're not numbered, but on page four it says that in 2009 he was convicted of [residential burglary] and theft of property. He was not actually convicted of theft of property.
COURT : On what date?
DEFENSE COUNSEL : December 10th, 2009.
COURT : Okay. Does that change anything?
DEFENSE COUNSEL : I don't believe it does based on the reading of the worksheet.
In order to preserve an issue for appeal, a defendant must object at the first opportunity. Lockhart v. State , 2017 Ark. 13, at 7-8, 508 S.W.3d 869, 874. Here, the circuit court specifically asked Starks's counsel whether the error on the presentence report changed anything, and Starks's counsel responded that she did not believe it did. Because Starks's attorney failed to object to the error in the presentence report at the sentencing hearing, this issue is not preserved for appeal.
We next determine whether we have jurisdiction of Starks's second point on appeal, which is whether the circuit court erred in failing to advise him that he would be sentenced to imprisonment rather than probation in violation of Arkansas Rule of Criminal Procedure 25.3(c).[3] We again analyze this case under the second exception to the general rule that there is no direct appeal from a guilty plea.
This issue has been presented to Arkansas appellate courts multiple times. In State v. Sherman , 303 Ark. 284, 796 S.W.2d 339 (1990), the appellant entered a guilty plea, which was accepted by the circuit court, and he was informed that his offense carried a possible sentence of three to ten years in prison. After accepting his plea, the circuit court delayed imposition of sentence. Upon receiving the presentence investigation report, the circuit court decided, sua sponte, to sentence the appellant to thirty years as a habitual offender, even though he had not been charged as a habitual offender and was not informed at the plea hearing that prior convictions would be used to enhance his sentence. Sherman , 303 Ark. at 285, 796 S.W.2d at 339. The supreme court dismissed the appeal for lack of jurisdiction, holding that the appellant challenged the validity of the sentence he received as a direct result of his guilty plea; therefore, the appeal was from a sentencing procedure that was an integral part of the acceptance of the appellant's guilty plea. Id. at 286, 796 S.W.2d at 340. The second exception did not apply in that case.
Similarly, in Henagan v. State , 302 Ark. 599, 791 S.W.2d 371 (1990), our supreme court dismissed an appeal from a guilty plea where the appellant argued that the circuit court should have sentenced him to probation instead of ten years' imprisonment. The court held that it was dealing with "an appeal from the sentencing procedure which was an integral part of the acceptance of Henagan's plea of guilty." Id. at 601, 791 S.W.2d at 372. Thus, the second exception did not apply.
*704 In Smalley v. State , 2012 Ark. App. 221, at 3-4, 2012 WL 1021531, this court dismissed the appellant's appeal of his guilty plea for lack of jurisdiction when her challenges were to the circuit court's upward departure from the sentencing guidelines and the court's failure to inform her of her right to withdraw her no-contest plea under Arkansas Rule of Criminal Procedure 25.3(b). More recently in Cartwright , 2017 Ark. App. 100, at 5, 514 S.W.3d at 497, we dismissed the appeal of a guilty plea when the appellant argued that the circuit court abused its discretion in failing to follow the sentencing mandates of Arkansas Rule of Criminal Procedure 25.3(c). We held that the case did not meet the requirements for any of the exceptions that would allow for an appeal from a guilty plea. Id. , 514 S.W.3d at 497. Likewise, in Lee v. State , 2018 Ark. App. 116, at 10-11, 544 S.W.3d 71, 77-78, we dismissed the appeal of a guilty plea, holding that Rule 25.3 did not salvage an appellant's ability to appeal from a guilty plea and that the case did not meet the requirements for any of the exceptions that would allow for an appeal from a guilty plea.
In the instant case, Starks is challenging the circuit court's sentence solely on the ground that the court should have informed him, pursuant to Rule 25.3(c), that he would be sentenced to imprisonment rather than probation. This argument is an assignment of error from a sentence or a sentencing procedure that was an integral part of his acceptance of the plea. In other words, it is nothing more than a challenge to the validity of the sentence that Starks received as a direct result of his plea, which is not permitted. Smalley , 2012 Ark. App. 221, at 3 (citing Sherman , 303 Ark. at 286, 796 S.W.2d at 340 ); see also Henagan , 302 Ark. at 601, 791 S.W.2d at 372 ; Lee , 2018 Ark. App. 116, at 10-11, 544 S.W.3d at 77-78 ; Cartwright , 2017 Ark. App. 100, at 5, 514 S.W.3d at 497. Accordingly, we hold that the second exception to the general rule that there is no direct appeal from a guilty plea does not apply, and we lack jurisdiction of Starks's second point on appeal.
Starks's reliance on Bradford v. State , 351 Ark. 394, 94 S.W.3d 904 (2003), is misplaced. In Bradford , the supreme court allowed an appeal from a guilty plea because the circuit court failed to comply with the requirements of Rule 25.3 by advising the appellant of his right to either affirm or withdraw his plea agreement. At Starks's March 12 sentencing hearing, there was no plea agreement.[4] Because Rule 25.3(c) contemplates an existing plea agreement at sentencing, and there was none in this case, Rule 25.3(c) did not apply to Starks's sentencing hearing. Accordingly, Bradford does not apply.
Affirmed in part; dismissed in part.
Gladwin and Hixson, JJ., agree.

Our court has held that this exception applies to the sentencing phase of trial regardless of whether it was a jury or bench trial. Anderson v. State , 2018 Ark. App. 365, at 2, 553 S.W.3d 779, 780 ; Cox v. State , 2014 Ark. App. 429, at 2, 2014 WL 4215097.

Starks concedes in his brief that "there was no contemporaneous objection during sentencing as to the entry of the presentence report into evidence."

Rule 25.3 provides:
(c) If the parties have not sought the concurrence of the trial judge in a plea agreement or if the judge has declined to indicate whether he will concur in the agreement, he shall advise the defendant in open court at the time the agreement is stated that:
(i) the agreement is not binding on the court; and
(ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement.
Ark. R. Crim. P. 25.3(c) (2018).

The record in Starks's case demonstrates that the only agreement between Starks and the State was that Starks would plead guilty to theft by receiving in case No. CR-17-2907 and to theft of property in case No. CR-17-3937, and in exchange, the State would nol-pros the habitual-offender charges. On February 21, 2018, Starks and the State followed through with the terms of that agreement. There was no agreement regarding sentencing in this case. The crimes for which Starks pled guilty were Class D felonies, punishable by up to six years' imprisonment and/or a fine of up to $ 10,000, and the circuit court sentenced him within that range.