Cite as 2025 Ark. App. 230

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-401

| | |
|---|---|
| | Opinion Delivered April 16, 2025 |
| KEAVON DESHAWN MARTIN<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-17-514] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| | DISMISSED |

## CASEY R. TUCKER, Judge

Keavon Martin appeals the jail-time credit applied to his prison sentence and the imposition of restitution imposed as a condition of his suspended sentence following the revocation of his probation in the Faulkner County Circuit Court. We dismiss the appeal.

On January 30, 2018, Martin entered a plea of guilty to four counts of forgery and one count of theft of property. By order entered the same day, he was sentenced to five years' probation for these crimes and ordered to pay restitution in the amount of $2,816.09. The circuit court ordered Martin to serve 120 days in jail and gave him 147 days' credit for jail time already served.

On March 18, 2020, the State filed a petition to revoke probation alleging the following violations: Martin's not reporting to his probation officer; traveling to Houston, Texas, without permission; and failing to make his monthly payments toward his restitution.

Martin failed to appear for his revocation hearing and subsequently was arrested on July 27, 2021. At that time, he paid his fines, fees, and restitution balance in full. On August 27, 2021, the circuit court entered an order extending Martin's probation by twelve months and ordering that Martin serve 120 days in jail, with credit given for thirty-three days already spent in custody while awaiting disposition of the petition to revoke.

Less than a year later, on June 16, 2022, the State again filed a petition to revoke Martin's probation. The bases for this petition to revoke were violation of Arkansas law, evading supervision, and failure to pay supervision fees of $105. The probation-revocation hearing was held on March 4, 2024. Martin pleaded guilty only to the evading-supervision violation, informing the court that he paid his entire restitution and supervision fees up front at the time of his first revocation. The circuit court accepted his plea. The judge sentenced him to eighty-four months in the Arkansas Division of Correction with an additional thirty-six months' suspended sentence (SIS). The court then informed Martin that he could not appeal following the court's acceptance of his guilty plea, but he had ninety days to file a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The written order, entered on the date of the hearing, reflected the sentence of eighty-four months in prison followed by thirty-six months of SIS. The order gave him ninety days of jail-time credit and ordered him to pay the restitution of $2,816.09. Martin

did not challenge the jail-time credit or restitution order before the circuit court; instead, he filed a notice of appeal.[1]

On appeal, Martin asserts that the circuit court miscalculated his jail-time credit. He claims he was due 254 days' credit rather than the ninety days' credit he was given. He also asserts that the court erred by ordering him to pay restitution, which he previously had paid. The State concedes that the order to pay restitution was indeed erroneous. The State asserts that Martin cannot raise his jail-time-credit argument for the first time on appeal and urges this court to affirm as modified to correct the erroneous order to pay restitution. We decline to do so.

Generally, a guilty plea may not be appealed. Ark. R. App. P.–Crim. 1(a). There are three exceptions: (1) a defendant who enters a conditional plea of guilty reserves the right in writing to appeal the judgment on grounds enumerated in Ark. R. Crim. P. 24.3; (2) the appeal is from a posttrial motion challenging the validity and legality of the sentence itself; and (3) there is a challenge to the testimony or evidence presented in a sentencing hearing separate from the plea itself. *Burgess v. State*, 2016 Ark. 175, at 4, 490 S.W.3d 645, 648. When the appeal from a guilty plea does not fall under one of these exceptions, we must dismiss for lack of jurisdiction. *Starks v. State*, 2019 Ark. App. 182, 574 S.W.3d 700.

---

[1]We note that a request for credit for time served must be raised before the circuit court via a petition filed pursuant to Ark. R. Crim. P. 37.1, while Ark. R. Civ. P. 60 allows a circuit court to correct a clerical mistake in a judgment or order at any time. *See Green v. State*, 2018 Ark. App. 163.

In *Starks*, this court found that one of the appellant's points on appeal was within our jurisdiction because it concerned evidence presented in a sentencing hearing.[2] However, the second point, that the circuit court erred in failing to advise the appellant that he would be sentenced to prison rather than probation, did not fall within an exception to the general rule; thus, this court dismissed for lack of jurisdiction. In dismissing the second point, this court stated that the argument was "an assignment of error from a sentence or a sentencing procedure that was an integral part of his acceptance of the plea. In other words, it is nothing more than a challenge to the validity of the sentence that Starks received as a direct result of his plea, which is not permitted." *Id.* at 7, 574 S.W.3d at 704.

As in *Starks*, Martin raises points on appeal that do not fall within an exception to the general rule that one may not appeal from a guilty plea. He challenges the sentence he received as a direct result of his plea. Thus, this court does not have jurisdiction to consider his appeal, and we dismiss.

Dismissed.

WOOD and MURPHY, JJ., agree.

*Keavon D. Martin*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

---

[2]After determining that it had jurisdiction, the court affirmed on this point because the appellant had not objected to the erroneous evidence in the circuit court.