Cite as 2025 Ark. App. 561

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-24-347

| | | |
|---|---|---|
| RICHARD LOPEZ | APPELLANT | Opinion Delivered November 19, 2025 |
| | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-23-254] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE L. WREN AUTREY, JUDGE |
| | | DISMISSED; MOTION GRANTED |

**CASEY R. TUCKER, Judge**

This is a no-merit appeal filed on behalf of Richard Lopez, who pleaded guilty to three counts of negligent homicide, first-degree battery, and second-degree battery, resulting in consecutive sentences of imprisonment in the Arkansas Division of Correction: 216 months for each of the three counts of negligent homicide; 144 months for first-degree battery; and 36 months for second-degree battery. During the plea hearing, Lopez's counsel made no objections to the testimony or the evidence, and there were no adverse rulings. At the sentencing hearing, there were no rulings adverse to Lopez, and there were no objections. Lopez filed no posttrial motions. The sentencing order was filed on February 27, 2024, and Lopez filed a timely notice of appeal.

Pursuant to Arkansas Supreme Court Rule 4-3(b) (2023) and *Anders v. California*, 386 U.S. 738 (1967), Lopez's counsel has filed a motion to withdraw and a no-merit brief stating that there are no meritorious grounds to support an appeal. The clerk of this court mailed a

certified copy of counsel's motion and brief to Lopez informing him of his right to file pro se points for reversal; however, he did not file any pro se points. Because Lopez did not file any pro se points for reversal, the State did not file a brief.

We agree with counsel that the appeal is without merit because Lopez is not permitted to bring an appeal. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.– Crim. 1(a) (2023). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances. Lopez did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when there is a challenge to the testimony or the evidence presented in a sentencing hearing separate from the plea itself. *Burgess v. State*, 2016 Ark. 175, at 4, 490 S.W.3d 645, 648. An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. *Reeves v. State*, 339 Ark. App. 304, 5 S.W.3d 41 (1999). When the appeal from a guilty plea does not fall under one of these exceptions, we must dismiss for lack of jurisdiction. *Starks v. State*, 2019 Ark. App. 182, 574 S.W.3d 700. Neither of these exceptions applies here. Thus, Lopez's appeal is dismissed, and the motion to withdraw is granted.

Dismissed; motion granted.

WOOD and BROWN, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.