Cite as 2026 Ark. App. 93

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-25-202

| | | |
|---|---|---|
| MINOR CHILD | | Opinion Delivered February 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION |
| V. | | [NO. 60JV-24-328] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SHANICE JOHNSON, JUDGE |
| | | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Minor Child (MC) appeals from the plea-disposition order wherein he conditionally pled guilty to the charge of being a minor in possession of a handgun. He was adjudicated delinquent and sentenced to the custody of the Division of Youth Services on September 3, 2024. On appeal, MC argues that the circuit court erred in denying his motion to suppress evidence; therefore, he contends his plea-disposition order should be reversed. We affirm.

On the morning of April 13, 2024, Jacksonville police were called to a domestic disturbance at MC's mother's home where shots had been fired. At the June 6 suppression hearing, the State presented testimony from four Jacksonville police officers, all of whom were wearing body cameras at the time of the incident. Video from three of the officers—Officer Tamara Wilder, Officer Tyler Burke, and Sergeant Jordan Cline—was played for the

court during the officers' testimony. While the officers were waiting for a warrant to search the home, MC arrived at the scene.

Officer Wilder said that MC had that "gun walk" and kept "holding his hand over his pocket." She testified that he held his hand in front of his pants and that every time an officer would approach him, he would turn his body or "blade off from them," which she explained from her training are signs that a person has a weapon. She asked officers on the scene to watch MC because he was "acting like" he had a gun. She said that she knew he "was a kid" and was confident that he had a weapon on him because of his behavior and body language—the way he walked, kept his hand on his pocket, and touched his waistband.

Officer Burke testified that he was keeping an eye on the situation because MC had his hand "down beside his . . . waistband . . . . [a]nd then he was walking towards the back of the police car that had someone in custody." Officer Burke told everyone to get away from the back of the vehicle, at which point MC's uncle approached MC and "wrapped him up and pushed him" away from the police car "toward the other side." Officer Burke said that he was suspicious of MC due to MC's body language and demeanor. Officer Burke also said that MC showed up on the scene and appeared agitated as he walked straight to the back of the police car despite officers telling him to back away. He said MC's hand was stiff as he walked and was not "swaying" but remained straight by his side.

Officer Moody, who was in charge of the scene, testified that Officer Burke told him to keep an eye on MC. He then saw MC holding his left arm down by his side as if he were trying to cover something up and keeping his left side out of Officer Moody's view as if he

were keeping something from being seen. He said he notified Sergeant Cline about the situation, and they called MC over to Officer Moody's patrol unit. Before patting MC down, Officer Moody asked MC his age, and MC said he was sixteen. Officer Moody testified that he then had reasonable suspicion to believe MC was committing a crime: possession of a handgun by a minor. When he grabbed MC's arm to put it on the hood of the car, the officer felt a handgun in MC's clothing. MC resisted Officer Moody, and the gun fell to the ground.

At the conclusion of the hearing, the circuit court denied MC's motion to suppress. The court found that under the totality of the circumstances, officers had a reasonable suspicion that MC was carrying a weapon after observing his walk, demeanor, and body language. The court found that they had reasonable suspicion to suspect he was committing the crime of minor in possession of a handgun once they confirmed that MC was, in fact, a minor. MC subsequently entered a conditional plea of guilty to being a minor in possession of a handgun.

When a defendant pleads guilty to a charge, he or she waives the right to appeal that conviction. *Hill v. State*, 81 Ark. App. 178, 182, 100 S.W.3d 84, 87 (2003). There is an exception, however, when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3. *Cartwright v. State*, 2017 Ark. App. 100, at 4, 514 S.W.3d 494, 497.[1]

---

[1]The Arkansas Rules of Criminal Procedure apply to juvenile-delinquency proceedings. Ark. Code Ann. § 9-27-325(f) (Repl. 2020).

In reviewing the denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings. *Lee v. State*, 2014 Ark. App. 691, at 3, 449 S.W.3d 709, 711. We will not reverse the circuit court's ruling unless it is clearly against the preponderance of the evidence. *Id.*, 449 S.W.3d at 711. We defer to the circuit court's assessment of the credibility of witnesses. *Id.*, 449 S.W.3d at 711.

MC contends that the circuit court erred in denying his motion to suppress, arguing that the officers did not have reasonable suspicion to conduct a pat-down search. Arkansas Rule of Criminal Procedure 3.1 (2025) provides:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger or forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

Our criminal rules define "reasonable suspicion" as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." Ark. R. Crim. P. 2.1. In determining whether an officer had reasonable suspicion, courts must recognize that, "when used by trained law enforcement officers, objective facts, meaningless to the

4

untrained, can be combined with permissible deductions from such facts to form a legitimate basis for suspicion of a particular person and for action on that suspicion." *Mosley v. State*, 2009 Ark. App. 799, at 7, 370 S.W.3d 273, 277. Further, a suspect's demeanor, gait, manner, and apparent efforts to conceal an article are all grounds for reasonable suspicion. Ark. Code Ann. § 16-81-203(1), (2) & (13) (Repl. 2005).

MC relies on *Brazwell v. State*, 354 Ark. 281, 119 S.W.3d 499 (2003), in which the supreme court reversed a circuit court's denial of a motion to suppress, holding that the police did not have reasonable suspicion to detain Brazwell. In that case, Brazwell was present in an area where local store owners had complained about loitering and drug activity. Brazwell was sitting on the window ledge of a liquor store in the area under a "No Loitering" sign shortly before 10:00 p.m. and appeared to be under legal drinking age. The police officer approached Brazwell to identify him and possibly issue a loitering citation. While being approached by the police officer, Brazwell spontaneously told the officer that he had a gun on his person. The supreme court concluded that the officer did not have "any grounds to suspect that he was committing, had committed, or was about to commit a felony or a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property." *Id.* at 289, 119 S.W.3d at 504.

The facts in the instant case are distinguishable from those in *Brazwell*. In the case at bar, numerous officers observed MC's walk, demeanor, and apparent efforts to conceal a gun. All who saw him testified that MC kept his hand over his pocket and turned away from officers in an apparent attempt to conceal something. Multiple videos were introduced

confirming the officers' testimony. Officer Wilder testified that MC was a "kid," and Officer Moody confirmed MC was a minor before conducting a search. Giving due weight to inferences drawn by the circuit court, we hold the court's denial of MC's motion to suppress is not clearly against the preponderance of the evidence.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.