Cite as 2026 Ark. App. 88

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–25–198

| | |
|---|---|
| ANDREW TRISTAN STANGER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 11, 2026<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. 43CR–22–535]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br>APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

Andrew Tristan Stanger was sentenced to concurrent 216-month prison sentences pursuant to his unconditional guilty plea in this Class Y felony rape case and another, case number 43CR–22–534, with a different victim. All the particulars of the sentence were as Stanger had agreed. There was no separate sentencing hearing. The court entered the sentencing order 27 February 2024.

In November 2024, writing from the Grimes Unit of the Arkansas Division of Correction, Stanger filed a bunch of pro se fill-in-the-blank forms. One was a November 18 notice of appeal from the February 2024 sentencing order. Another was a motion to proceed in forma pauperis with a Rule 37 petition. The petition's subject, he wrote, was "Ineffective Assistance of Counsel." We know no other details. There is no Rule 37 petition in the record. The record does include a February 2025 order *denying* a petition—

the last entry before the clerk's certificate. The record was lodged here in April 2025, and we appointed counsel for Stanger after granting his motion for a belated appeal.

Both parties have now filed briefs. They agree there can be no direct appeal from this kind of conviction and sentencing. Otherwise, they ignore the February 2024 sentencing order—Stanger, to ask us to remand for a Rule 37 hearing; the State, to ask us to dismiss the appeal from what it calls an untimely request for Rule 37 relief. We reject both requests. The February 2025 order is in the appellate record, but it is not on appeal (at least this appeal). It was filed months after Stanger's notice of appeal; there is no amended notice in the record. Maybe Stanger has since appealed it too; maybe not. We will decide one appeal at a time.[1]

Because Stanger tried to appeal his conviction or sentence, and can't do either in the circumstances, *Starks v. State*, 2019 Ark. App. 182, 574 S.W.3d 700, we dismiss his appeal.

Appeal dismissed.

TUCKER and THYER, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[1]*E.g.*, *Terry v. State*, 2025 Ark. App. 334 (declining to summarily affirm judgment that was pending on appeal to the Arkansas Supreme Court).