Cite as 2021 Ark. App. 3

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–19–980

| | | |
|---|---|---|
| DAVID REYNOLDS | APPELLANT | **Opinion Delivered:** January 13, 2021 |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-17-1262] |
| V. | | |
| | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

**RAYMOND R. ABRAMSON, Judge**

Appellant David Reynolds pleaded nolo contendere to seven charges, all drug- and firearms-related offenses, in Faulkner County Circuit Court case no. 23CR-17-1262.[1] Reynolds's arrest and prosecution followed the search of a residence on December 6, 2017. Subsequent to his arrest, Reynolds moved to suppress evidence obtained in the search. His motions to suppress were denied by the circuit court. On September 11, 2019, following the impaneling of a jury, but prior to opening statement, Reynolds pleaded nolo contendere and was sentenced on seven counts, all to be served concurrently, for a total of twenty-five

---

[1]Other related charges in two other cases appeared to be resolved as a part of this plea agreement, but the current appeal is limited to the plea and convictions in case no. 23CR-17-1262.

years' imprisonment in the Arkansas Department of Correction. The sentencing order reflected that Reynolds entered a negotiated plea of nolo contendere.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) (2020) of the Rules of the Arkansas Supreme Court and Court of Appeals, Reynolds's counsel has filed a no-merit brief asserting that there is no issue of arguable merit for an appeal and a motion to withdraw as counsel. The clerk of this court furnished Reynolds with a copy of his counsel's motion and brief and notified him of his right to file pro se points for reversal. Reynolds timely filed pro se points to which the State responded in accordance with Rule 4–3(k)(3).[2]

Reynolds is not permitted to bring an appeal because of his unconditional plea of nolo contendere. Except as provided by Arkansas Rule of Criminal Procedure 24.3(b), there is no right to appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances, but Reynolds did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Rule 1(a). An appeal may be taken after a guilty plea when the issue on appeal concerns evidentiary errors arising after the guilty plea but during the sentencing phase of the trial, regardless of whether it was a jury trial or a bench trial. *Cox v. State*, 2014 Ark. App. 429. An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence

---

[2]We do not address Reynolds's pro se points because we are dismissing this appeal for lack of jurisdiction. *See Kelley v. State*, 2012 Ark. App. 36.

following a guilty plea. *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). Neither of these exceptions applies here. Thus, Reynolds's appeal is dismissed, and the motion to withdraw is granted. *See Hubbard v. State*, 2012 Ark. App. 443.

Appeal dismissed; motion to withdraw granted.

GRUBER and HIXSON, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.